# Morgan Lewis

**Benjamin P. Smith**
Partner
+1.415.442.1289
bpsmith@morganlewis.com

March 15, 2016

**VIA ECF**

Hon. James C. Francis, U.S.M.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18D
New York, NY 10007

Re:    *Royal Park Investments SA/NV v. U.S. Bank National Association*, No. 14-cv-2590

Dear Magistrate Judge Francis:

Plaintiff Royal Park Investments SA/NV ("Royal Park") claims to be the assignee of interests in Residential Mortgage-Backed Securities ("RMBS"), as well as associated litigation rights, previously held by Belgium-based Fortis Bank SA NV ("Fortis") and other alleged assigning entities (collectively the "Assignors").

Although its "main area of operations" is admittedly litigation regarding the assigned RMBS, including this putative class action against U.S. Bank National Association ("U.S. Bank"), Royal Park failed to collect documents in the possession of the Assignors.  U.S. Bank cannot obtain the documents of Assignors directly because the Assignors are foreign entities located in countries that are not signatories to the Hague convention on taking evidence abroad.

Royal Park acknowledges that documents are held by Assignors as well as its obligation to search for and produce such documents as the assignee of the claims sued upon.  As this Court has already recognized, specifically with respect to Royal Park, assignees are obligated to obtain and produce documents from assignors just as if the assignors were parties to the lawsuit and brought the claims themselves.[1]

---

[1] *See JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505, 506-507 (S.D.N.Y. 2005); *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, No. 14 Civ. 08175 (SAS), slip op.

**Morgan, Lewis & Bockius** LLP

One Market
Spear Street Tower
San Francisco, CA  94105-1596       ☎ +1.415.442.1000
United States                                      📠 +1.415.442.1001

DB1/ 86847614.1

Hon. James C. Francis, U.S.M.J.
March 15, 2016
Page 2

However, Royal Park has failed to produce documents, failed to provide any assurance that documents will in fact be produced, and failed to identify any date certain for production. Royal Park's inaction is unacceptable, especially given Royal Park's stated intent to seek class certification by April 25, 2016, and the close of discovery in this action in approximately six months.

Accordingly, U.S. Bank respectfully requests the Court to compel Royal Park to obtain and produce documents now held by alleged Assignors BNP Paribas, the successor entity to Fortis; Fortis Park Lane Ireland; Fortis Bank SA NV Cayman Branch; Pacific Pinnacle CDO Ltd.; Clifton I CDO Ltd., Clifton I CDO LLC; and Nassau CDO I Ltd. that are responsive to U.S. Bank's document requests.

**<u>RELEVANT FACTS</u>**

Royal Park is a special purpose vehicle and limited liability company incorporated under the laws of Belgium.  Compl., ¶ 27.  Although Royal Park has no employees, it is the purported class representative for several putative class actions now pending before this Court, including putative class actions against HSBC Bank USA, Deutsche Bank National Trust Company, and Wells Fargo.

Royal Park allegedly acquired the RMBS at issue in this case from two sources: (1) the "initial purchasers" of securities, who allegedly "transferred all right, title and interest in such RMBS" to Royal Park, "including all litigation rights and claims the initial purchasers had, and (2) from collateralized debt obligations ("CDOs") that were "liquidated in full" and thus allegedly included "all rights and interests in the RMBS within them."  Compl., ¶ 28.  In short, Royal Park claims it is bringing the instant action based on the assignment of all litigation rights by the Assignors.

For unknown reasons, at the time of the assignments, Royal Park did not request or obtain all documents relevant to its purported litigation rights from the Assignors, even though Royal Park was clearly contemplating litigation.  Indeed, Royal Park's "main area of operations" is, according to its website, "getting the best results for the company's interests in legal proceedings."[2]  Royal Park has also admitted in other litigation that it acquired the RMBS at issue here as well as other assets from Assignors for approximately €3.5 billion *more* than the assets' market value at the time.

_____

(S.D.N.Y. Dec. 4, 2015) ("RPI/HSBC Order") (ordering Royal Park to produce documents held by assignors); *Royal Park Investments SA/NV v. Deutsche Bank National Trust Co.*, No. 14 Civ. 04394 (AJN) (BCM), slip op. at 12 (S.D.N.Y. Feb. 5, 2016) ("RPI/DB Order") (ordering Royal Park to search for and produce documents held by an assignor "to the same extent that it is required to produce documents from its own files.").

Hon. James C. Francis, U.S.M.J.
March 15, 2016
Page 3

U.S. Bank issued its First Set of Requests for Production of Documents and Things to Royal Park on October 13, 2015 ("Document Requests"). Royal Park objected and responded to the Document Requests on November 18, 2015.

During the meet and confer process with Royal Park, U.S. Bank learned of the full assignment history of the RMBS at issue in this matter. Royal Park identified the alleged chain of custody and related transactions with the Assignors that purportedly resulted in Royal Park possessing litigation rights regarding the RMBS today. Many of the Assignors are foreign entities.[3] As early as August 2015, U.S. Bank noted its concern regarding discovery related to the Assignors, and in particular, their status as foreign entities. As U.S. Bank stated, "the assignors of the alleged litigation rights at issue are foreign-based entities, and all shareholders of plaintiff are based in either Belgium or France, [thus] foreign discovery could be difficult." *See* Exhibit A, Initial Report of Parties Before Pretrial Conference at 3 (ECF No. 45) filed on August 21, 2015 ("Initial Report"). In that same document, Royal Park represented that "[w]ith respect to foreign discovery, most, if not all, of the discovery to which the Trustee is entitled can be obtained without resort to any foreign discovery procedures." *Id*. at 4.

After U.S. Bank served its discovery requests, it informed Royal Park that it sought "the production of documents from each of the assignors" from whom Royal Park acquired the RMBS at issue. *See* Exhibit B (February 11, 2016 letter from Ben Smith). As U.S. Bank explained to Royal Park, because the Complaint expressly alleged that its litigation rights in the RMBS stemmed from the "litigation rights and claims held by the *initial* purchasers" of the RMBS and CDOs (Compl., ¶ 28), it is only fair that Royal Park also produce any relevant documents from any one of those assignors from the entire chain of custody between the initial purchaser and Royal Park.

During the parties' meet and confer in December 2015, Royal Park informed U.S. Bank that it was attempting to request documents from BNP Paribas. U.S. Bank continued to press Royal Park for updates on its attempts to obtain discovery from the Assignors. U.S. Bank thereafter requested documents from all of the Assignors from which Royal Park was allegedly assigned claims. To date, however, Royal Park has been unable to provide U.S. Bank with any concrete assurance that it will be able to obtain and produce documents from BNP Paribas or any other Assignor. Instead, Royal Park has indicated only that it has "reached out to the Assignors and CDO managers and has requested that they produce documents responsive to U.S. Bank's requests," and that Royal Park continues to "actively negotiate" with the Assignors, but that the documents are not within Royal Park's possession, custody, or control.

---

[3]    The Assignors include the following entities: Fortis Bank SA NV, Cayman Branch (Cayman Islands); Fortis Bank SA NV (a Belgian entity the bulk of whose securities were sold to BNP Paribas, a French corporation); Clifton (US and Ireland); Fortis Park Lane Ireland (Ireland); Fortis Securities LLC (US); Pacific Pinnacle (US); and Nassau (US and Cayman Islands).

Hon. James C. Francis, U.S.M.J.
March 15, 2016
Page 4

Given that Royal Park informed the Court that it would be ready to move for class certification as early as April 25, 2016 (Initial Report at 7) and more recently confirmed to U.S. Bank its desire to move for class certification as soon as practical, further delay of the production of the Assignor documents is prejudicial.  U.S. Bank respectfully seeks an order compelling the production of the Assignor documents.  The failure to produce such documents in a timely fashion will only demonstrate that Royal Park is not an adequate class representative.

## <u>ARGUMENT</u>

There is no legal basis for Royal Park to refuse to search for and produce the requested documents from the Assignors.  Courts have consistently held—including as recently as last month—that where an alleged assignee of litigation rights brings a lawsuit to enforce those rights, the assignee must obtain and produce relevant documents held by its assignors.  *See Winnick*, 228 F.R.D. at 507; *see also In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 196-97 (S.D.N.Y. 2007); *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 149 (S.D.N.Y. 1997).

In December 2015, in an action brought by Royal Park against a different RMBS trustee based on allegations similar to those asserted here, Judge Scheindlin ordered Royal Park to search for and produce relevant documents held by its assignors.  *See Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, No. 14 Civ. 08175 (SAS), slip op. (S.D.N.Y. Dec. 4, 2015) ("RPI/HSBC Order").  Just last month, in another similar action brought by Royal Park, Magistrate Judge Moses again rejected Royal Park's attempts to evade its discovery obligations, ordering Royal Park to search for and produce documents held by an assignor "to the same extent that it is required to produce documents from its own files."  *Royal Park Investments SA/NV v. Deutsche Bank National Trust Co.*, No. 14 Civ. 04394 (AJN) (BCM), slip op. at 12 (S.D.N.Y. Feb. 5, 2016) ("RPI/DB Order").

That multiple courts have concluded Royal Park must produce the Assignors' documents is not surprising.  They join courts in multiple jurisdictions who have reached the same conclusion.  *See id.* at 5-6 (listing six cases from the Eastern District of Tennessee, the District of Idaho, the District of Nevada, and the Southern District of New York).

In *Winnick*, this Court emphasized that fairness requires a plaintiff in this situation to produce the requested documents from its assignors:  "It is both logically inconsistent and unfair to allow the right to sue to be transferred to assignees… free of the obligations that go with litigating a claim.  If the plaintiff's theory carried the day, the assignor would be able to assign a claim more valuable than it could ever have, because its claim, if pursued by the assignor, would entail certain obligations that, when assigned, would magically disappear… It would be unfair to the defendants to permit plaintiff and the assignees to divorce the benefits of the claims from the obligations that come with the right to assert

Hon. James C. Francis, U.S.M.J.
March 15, 2016
Page 5

them, to the detriment of the defendants.  228 F.R.D. at 506-507; *see also* RPI/DB Order at 5.

This Court affirmed this reasoning in its two recent orders granting similar motions to compel against RPI.  *See* RPI/DB Order at 5 ("[T]he assignee of a claim in litigation has a duty to obtain and produce the same documents and information to which the opposing parties would have been entitled had the assignors brought the claim themselves."); RPI/HSBC Order at 5 ("[A]llowing plaintiff to avoid its full discovery obligations [under these circumstances] presents a risk of unfairness to the defendant.").  The same result is compelled here.

It is irrelevant whether Royal Park is currently in possession of—or has the practical ability to possess—the requested documents because Royal Park claims that the Assignors assigned the rights upon which it now sues U.S. Bank, as trustee, in this action.  "Where, as here, the plaintiff asserts that it has acquired a non-party's litigation claims but did not acquire any corresponding rights to access or possess the non-party's otherwise-discoverable documents, it would undercut those goals, and elevate form over substance, to focus myopically on the present ability of the assignee-plaintiff to extricate itself from the convenient conundrum in which it claims to find itself."  RPI/DB Order at 10.  On that basis, Magistrate Judge Moses explained that the court "need not predict—at this stage—whether Royal Park will prove to have sufficient 'practical ability' to obtain the discovery material held by" its assignees. . . . Regardless of the precise extent or degree of Royal Park's access to the materials held by [its assignees] (contractual, practical, or otherwise), it is surely in a better position than its adversary to identify and obtain those materials for use in this litigation."  *Id.*; *see also* RPI/USBC Order at 4 ("[P]ractical concerns weigh in favor of placing the discovery obligations with respect to these documents on Royal Park, and doing so is consistent with Rule 34 of the Federal Rules of Civil Procedure.").[4]

Here, Royal Park is in a far better position than U.S. Bank to obtain the documents because U.S. Bank has no ability to obtain them.  Belgium and Ireland are not signatories to the Hague convention on taking evidence abroad.[5]  France is a signatory, but has opted out of the provision allowing pre-trial document discovery under Article 23.[6]  As such, consistent with Magistrate Judge Moses' recent order, U.S. Bank requests that the Court "direct plaintiff Royal Park to produce documents held by [the Assignors] to the same extent that

---

[4] It is irrelevant whether the assignment occurred before or after the litigation commenced, as the prejudice to U.S. Bank would be "equal either way."  RPI/DB Order at 11 (quoting *Winnick*, 228 F.R.D. at 507).

[5] *See* https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/ireland.html; https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/belgium.html

[6] *See* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=501&disp=resdn ("Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries will not be executed").

Hon. James C. Francis, U.S.M.J.
March 15, 2016
Page 6

it would be required to produce those documents from its own files pursuant to Fed. R.
Civ. P. 34." RPI/DB Order at 10-11.

## **CONCLUSION**

For the foregoing reasons, U.S. Bank respectfully requests that this Court issue an order
compelling Royal Park to produce documents responsive to U.S. Bank's discovery
requests that are held by the Assignors.

Sincerely,

*Benjamin PSmith /mpc*

Benjamin P. Smith