UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
ROYAL PARK INVESTMENTS SA/NV,          :   14 Civ. 2590   (VM) (JCF)
individually and on behalf of all      :
others similarly situated,             :        MEMORANDUM
                                       :        AND  ORDER
              Plaintiff,               :
                                       :
     - against -                       :
                                       :
U.S. BANK NATIONAL ASSOCIATION,        :
as Trustee,                            :
                                       :
              Defendant.               :
- - - - - - - - - - - - - - - - - - -:

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/17

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

     The plaintiff, Royal Park Investments SA/NV ("Royal Park"), has submitted a letter motion seeking to quash notices of deposition for Stefaan De Doncker, Rafael Martinez, and Fabrice Susini.  (Letter of Darryl J. Alvarado dated Jan. 3, 2017).  In opposing the motion, the defendant, U.S. Bank National Association ("U.S. Bank"), argues that Royal Park is obligated to produce "assignor witnesses," that is, witnesses who were employed by Fortis Bank SA/NV or its successor, BNP Paribas Fortis SA/NV ("BNPPF").  U.S. Bank cites my prior opinion in this case, Royal Park Investments SA/NV v. U.S. Bank National Association, __ F.R.D. __, 2016 WL 6705773 (S.D.N.Y. 2016), which in turn relied on Royal Park Investments SA/NV v. Deutsche Bank National Trust Co., 314 F.R.D. 341 (S.D.N.Y. 2016), and J.P. Morgan Chase Bank v. Winnick, 228 F.R.D. 505 (S.D.N.Y. 2005) ("Winnick I"), for the proposition

1

that "the assignee of a claim in litigation has a duty to obtain and produce the same documents and information to which the opposing parties would have been entitled had the assignors brought the claim themselves." Deutsche Bank, 314 F.R.D. at 344. U.S. Bank is correct that this principle is equally applicable to witnesses as it is to documents. See Winnick I, 228 F.R.D. at 508 (noting assignee's obligation to, among other things, "produce witnesses for deposition" from assignors). (Letter of Benjamin P. Smith dated Jan. 6, 2017 at 3 n.1). Just as Royal Park could have secured the cooperation of the assignors in producing documents when it negotiated the assignment, so it could have secured an agreement to produce witnesses.

This proposition does not apply, however, to Mr. Susini, who, according to Royal Park, "has never been employed by any Fortis entity." (Letter of Darryl J. Alvarado dated Jan. 10, 2017 ("Alvarado 1/10/17 Letter") at 2 n.4). Royal Park also argues that it does not apply to Mr. De Doncker and Mr. Martinez because they are non-parties to this litigation, and the court in a subsequent order in the Winnick case "den[ied] a motion to compel assignors to produce documents" because these assignors were non-parties. (Alvarado 1/10/17 Letter at 2 n.4 (citing J.P. Morgan Chase Bank v. Winnick, No. 03 Civ. 8535, 2006 WL 278192, at *2 (S.D.N.Y. Feb. 6, 2006) ("Winnick II")). Royal Park misreads Winnick II. In that case, the court held only that, as a non-

2

party, the assignor, against whom discovery was sought directly, was entitled to the heightened protection afforded by Rule 45 of the Federal Rules of Civil Procedure.  2006 WL 278192, at *2.  At the same time, the court warned that if the <u>assignee</u> could not produce relevant information because it was exclusively in the possession of the assignors, and if the defendants could show prejudice, the defendants could be entitled to sanctions.  <u>Id.</u> at *3.  Here, U.S. Bank has not sought discovery directly from BPPNF or its employees, but rather from Royal Park.  Thus, the principles of <u>Winnick I</u> apply with full force.

At the same time, Royal Park makes a compelling argument that discovery should first be taken from Danny Frans and Koen Weemaes -- cooperative witnesses who likely possess substantially greater information -- before requiring Royal Park to produce more marginal and potentially uncooperative deponents.  Accordingly, the deposition notices for Stefaan De Doncker and Rafael Martinez are quashed for the time being.

<u>Conclusion</u>

For the foregoing reasons, Royal Park's application is granted, and the notices of deposition for Fabrice Susini, Stefaan De Doncker, and Rafael Martinez are quashed without prejudice to reinstituting the latter two after the depositions of Danny Frans and Koen Weemaes have been completed.

3

SO ORDERED.

*/s/ James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       January 25, 2017


Copies transmitted this date:


Cody R. Lejeune, Esq.
Hillary B. Stakem, Esq,
Arthur C. Leahy, Esq.
Jennifer N. Caringal, Esq.
Steven W. Pepich, Esq.
Darryl J. Alvarado, Esq.
J. Marco Janoski Gray, Esq.
Lucas F. Olts, Esq.
Juan C. Sanchez, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Christopher M. Wood, Esq.
Robbins Geller Rudman & Dowd LLP
414 Union Street, Suite 900
Nashville, TN 37219

Samuel H. Rudman, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road
Suite 200
Melville, NY 11747

Michael S. Kraut, Esq.
Morgan Lewis & Bockius LLP
101 Park Ave.
New York, NY 10178

4

Benjamin P. Smith, Esq.
Rollin B. Chippey, Esq.
Tera M. Heintz, Esq.
Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105

Thomas F. Berndt, Esq.
Peter C. Ihrig, Esq.
Michael A. Collyard, Esq.
Samuel L. Walling, Esq.
Robins Kaplan LLP
800 LaSalle Ave., Suite 2800
Minneapolis, MN 55402

David Leichtman, Esq.
Sherli Furst, Esq.
Stacey P. Slaughter, Esq.
Robins Kaplan LLP
601 Lexington Ave., Suite 3400
New York, NY 10022

David E. Marder, Esq.
Morgia D. Holmes, Esq.
Robins Kaplan LLP
800 Boylston St., 25th Floor
Boston, MA 02199

Hillel I. Parness, Esq.
Parness Law Firm, PLLC
136 Madison Ave., 6th Floor
New York, NY 10016