# Morgan Lewis

**Benjamin P. Smith**
Partner
+1.415.442.1289
bpsmith@morganlewis.com

June 20, 2017

**VIA ECF**

The Honorable James C. Francis IV
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18D
New York, NY  10007-1312

Re:   *Royal Park Investments SA/NV v. U.S. Bank National Association*
      Case No. 1:14-cv-02590-VM-JCF

Dear Judge Francis:

On behalf of U.S. Bank National Association ("U.S. Bank"), we write to request entry of an order compelling Royal Park Investments SA/NV ("RPI") to respond to interrogatories propounded by U.S. Bank on March 30, 2016 and June 15, 2016.  RPI objected to responding to any of these interrogatories at the time they were propounded, asserting that they were premature because they were seeking the "contentions" of RPI in this case.  Although RPI asserted that it would supplement its answers, and RPI's discovery efforts are largely complete, RPI has refused to timely respond,[1] leaving U.S. Bank entirely in the dark regarding (1) what acts by U.S. Bank RPI alleges constituted a breach of contract, (2) when those acts occurred, and (3) the basis for RPI's so-far wholly vague and unsupported assertions.  There is no other discovery mechanism to obtain this information, as RPI's witnesses have testified unequivocally that have *no* knowledge of any specific alleged breaches or other wrongdoing by U.S. Bank beyond information provided by its attorneys.

Responses to U.S. Bank's interrogatories are particularly important because RPI's allegations have been a constantly shifting target in this lawyer-driven case.  While RPI originally alleged in its complaint that U.S. Bank's 2006 and 2007 file review for some of the trusts "revealed to it numerous and obvious breaches of the Warrantors' representations and warranties," (Complaint ¶ 89), later, after U.S. Bank filed a pre-motion letter seeking to dismiss the complaint based on a clear statute of limitations defense, RPI walked back

---

[1] Despite several attempts to meet and confer on this issue, counsel for RPI failed to respond to U.S. Bank's request that RPI provide substantive interrogatory responses by June 8, 2017.  *See* Ex. 1.

DB1/ 92593675.2

**Morgan, Lewis & Bockius LLP**

One Market
Spear Street Tower
San Francisco, CA  94105-1596            ☎ +1.415.442.1000
United States                             ✆ +1.415.442.1001

this allegation and claimed that discovery did not occur until 2009. *See* Dkt. 17. Even more recently, and in response to U.S. Bank's potentially fatal sanctions motion, RPI has once again shifted its entire theory of its case to claim that U.S. Bank "began to breach its contractual and common law duties almost immediately upon issuance of the Covered Trusts." Dkt. 232 at 20, *compare with* Dkt. 17 ("U.S. Bank did not have enough information to discover R&W breaches sufficient to trigger its contractual duties under the GAs until January 2009, at the earliest . . ."). RPI needs to settle on liability theories and contentions (it has no liability evidence) so that U.S. Bank can retain proper experts and be prepared for expert discovery, summary judgment, and trial. RPI should be ordered to fully and completely respond to U.S. Bank's contention interrogatories seeking, on a loan-by-loan basis, RPI's claims and contentions in this case.

### A. Substantial Discovery Has Been Completed And RPI Must Clarify Its Contentions

The entire purpose of discovery is to avoid surprise and trial by ambush. *See Brennan v Automatic Toll Sys., Inc.*, 60 FRD 195, 196 (SDNY 1973) ("rationale of the discovery sections of the Federal Rules of Civil Procedure is a 'liberal discovery policy of encouraging full disclosure to prevent surprise . . .'"); *see also Johnson v McTigue*, 122 FRD 9, 10 (SDNY 1986) ("discovery serves important purposes, such as avoiding surprise, fully disclosing the nature and scope of the controversy, narrowing, simplifying, and framing the issues involved, and enabling parties to obtain the factual information needed to prepare for trial."). Contention interrogatories are specifically "'designed to assist parties in narrowing and clarifying the disputed issues' in advance of summary judgment practice or trial." *Erchonia Corp. v. Bisson*, 07-cv-8696(DLC) 2011 WL 3904600, at *8 (S.D.N.Y, Aug. 26, 2011) *citing Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya*, 248 F.R.D. 126, 157 (S.D.N.Y. 2007) (citation omitted); *see also Regeneron Pharmaceuticals, Inc. v. Merus B.V.*, 14-civ-1650(KBF) 2014 WL 2447600, at *2 (S.D.N.Y., May 29, 2014) ("the majority of courts in th[e southern] district adhere to Local Rule 33.3 and allow contention interrogatories after substantial discovery has occurred.").

Here, RPI has completed almost all of the discovery it has requested. Specifically, in addition to requesting and receiving more than 1.2 million pages of documents from U.S. Bank, RPI has also taken the depositions of over 20 U.S. Bank witnesses and has completed all but two or three of their requested depositions. At least two of the remaining three depositions will be complete before this motion is even fully briefed. Indeed, fact discovery is now closed. RPI has no excuse for refusing to timely provide the information requested in U.S. Bank's contention interrogatories. *Id*.

### B. U.S. Bank is Entitled to Evidence Necessary To Its Defense

Detailed responses to contention interrogatories are the only mechanism to provide U.S. Bank discovery regarding RPI's claims and contentions in this case and to avoid unfair surprise. RPI's ***own*** witnesses have stated in deposition that ████████████████████

*See* Ex. 2 at 69:6-70:9, 100:12-101:12

. *Id*. at 82:11-89:1, [2] 89:25-91:21, 96:19-97:6, 117:1-118:16, 135:10-137:14; *see also Convergent Bus. Sys., Inc. v Diamond Reporting, Inc.*, CV-88-2329 (ILG), 1989 WL 92038, at *1 (E.D.N.Y. Aug. 3, 1989) ("[i]nformation in a complaint is not a substitute for answers to interrogatories which unlike the allegations of a complaint can be used as affirmative evidence at trial and for impeachment . . ..").

The date of the alleged breaches, as just one example, is necessary for U.S. Bank to make any statute of limitations defense and to understand whether the claims accrued when the Certificates were held by Fortis or after transfer to RPI. The date the alleged breaches occurred also affects U.S. Bank's liability and damages defenses because many Warrantors went out of business toward the end of the global financial crisis. Thus, depending on the date of the Warrantors' insolvency, even if U.S. Bank *had* discovered breaches, it would have been impossible to obtain relief from the Warrantors, and RPI would be entitled to no damages because there would have been no monetary difference between the "actual" and the "but-for" world (as suggested by RPI's damages expert).[3] Further, U.S. Bank was not the trustee for a number of the trusts at issue during time periods relevant to this case; thus, knowing when RPI alleges the breaches occurred is highly relevant to U.S. Bank's defenses. RPI has also failed to identify any specific loans or trusts it claims experienced an Event of Default. These are but two of the many examples of contentions in its Complaint for which RPI has failed to provide supporting facts or documents. *See Convergent*, 1989 WL 92038, at *1 (proper to seek facts and documents supporting complaint's allegations).

This case is more than three years old, fact discovery is now closed, and RPI still continues to completely shift its allegations and theories. U.S. Bank must be given the ability to defend itself, prepare expert witnesses, and prepare for summary judgment. U.S. Bank respectfully requests an order compelling RPI to answer the contention interrogatories.

---

[2]

[3] *See*, *e.g.*, *Blackrock Balanced Capital Portfolio v. Deutsche Bank Nat'l Trust Co.*, 14-cv-9367(JMF), Dkt. 213, Order (Feb. 3, 2017) (order dismissing representation and warranties claims as to trusts whose warrantors had entered bankruptcy or receivership prior to allegations in complaint); *see also Id.*, Hearing Transcript, (Feb. 2, 2017), p. 9, 15.

Hon. James C. Francis IV
June 20, 2017
Page 4

Respectfully submitted,

*/s/ Benjamin P. Smith*

Benjamin P. Smith
cc: Counsel of Record via ECF