# Morgan Lewis

**Benjamin P. Smith**
Partner
+1.415.442.1289
bpsmith@morganlewis.com

June 20, 2017

**VIA ECF**

The Honorable James C. Francis IV
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18D
New York, NY  10007-1312

Re:     *Royal Park Investments SA/NV v. U.S. Bank National Association*
        Case No. 1:14-cv-02590-VM-JCF

Dear Judge Francis:

On behalf of U.S. Bank National Association ("U.S. Bank"), we write to request expedited relief requiring Royal Park Investments SA/NV ("RPI") to immediately produce *unredacted* copies of documents obtained from assignor BNP Paribas Fortis ("BNPPF"). We also request that RPI be required to reimburse U.S. Bank for any costs incurred as a result of deposition rescheduling, which appears necessary because of the redactions.  The extensive redactions—concealing the names of all individuals mentioned in a document, including author and recipient—render the BNPPF documents that RPI was ordered to produce completely worthless.

As this Court knows, RPI was originally ordered to produce responsive documents from its assignors, including BNPPF, in March 2016.  *See* ECF No. 78.  After extensive briefing, including the filing of two sanctions motions and numerous other letter briefs, RPI has only recently begun to produce BNPPF documents, including a production of approximately 15,000 pages in early June 2017.  At the time of production, RPI did not provide a redaction log or indicate in any way that the documents contained heavy redactions.

RPI was also ordered to produce assignor witnesses for deposition approximately two months ago.  ECF No. 218.  As with this Court's order regarding assignor documents, however, RPI resisted the order, thereby requiring U.S. Bank to move to compel the production of BNPPF witnesses by a date certain, which this Court granted.  ECF No. 249 ("By June 9, 2017, Royal Park shall provide dates certain within the following two weeks for the depositions of the individuals identified in my April 26, 2017 Order.").  RPI

DB1/ 92626297.2

**Morgan, Lewis & Bockius LLP**

One Market
Spear Street Tower
San Francisco, CA  94105-1596          ☎ +1.415.442.1000
United States                          🖷 +1.415.442.1001

Hon. James C. Francis IV
June 20, 2017
Page 2

thereafter offered, and U.S. Bank accepted, deposition dates for three BNPPF witnesses (Rafael Martinez, Alain Coppejans, and Alex Overfeldt) as well as RPI director Guido DeClercq, in Brussels, Belgium on June 26, 27, and 28, 2017.

Yesterday, and as U.S. Bank was preparing for these depositions, it was discovered that many of the BNPPF documents produced by RPI in early June have been redacted so as to obscure all names, including the author(s), recipient(s), as well as those copied on or referenced within documents.  Thus, the typical email header from the production appears as follows:



In addition, the metadata associated with the BNPPF documents provides no information regarding BNPPF authors or custodians, and instead, for nearly 500 documents, identifies the custodian solely as "Central File," all in violation of the ESI protocol the parties agreed upon at the initiation of document productions.  Examples of documents containing such redactions are attached hereto as Exhibits 1, 2, and 3.

Because the redactions and absence of metadata render it impossible to determine whether any of the BNPPF witnesses scheduled for deposition can authenticate or speak to the contents of the documents, U.S. Bank requested that RPI immediately produce unredacted copies of the documents.  Characteristically, and even though RPI is standing in the shoes of BNPPF for purposes of discovery, RPI claims that the documents were produced "just as we received them from counsel for BNPPF at Cleary Gottlieb," and therefore that RPI has no responsibility for and cannot cure the redactions.

This position is patently wrong.  While RPI might like to blame BNPPF for the redactions, reportedly applied because of the Belgian Data Privacy Act, RPI is entirely responsible for the documents produced by BNPPF as well as the depositions of BNPPF witnesses.  ECF No. 161 at p. 2 (citing *J.P. Morgan Chase Bank v. Winnick,* 228 F.R.D. 505, 508 (S.D.N.Y. 2005)).  As such, RPI is entirely responsible for curing the improper redactions.

There is no basis for the redactions, which render the documents useless for any litigation purpose, and could only be designed to thwart discovery efforts.  To begin with, RPI never referenced the Belgian Data Privacy Act in any of its specific objections to U.S. Bank's document requests, thereby waiving any right to redact or withhold documents because of the Act.  *See Fischer v. Forrest*, 2017 WL 773694 at * 3 (S.D.N.Y. Feb. 28, 2017) (General objections violate Rule 34's requirement for specificity, and "[a]ny discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the

Hon. James C. Francis IV
June 20, 2017
Page 3

basis of objection) will be deemed a waiver of all objections (except as to privilege).").[1]

Nor has RPI made use of the protections it previously agreed upon for "privacy" interests, specifically the assertion of any such interests through confidentiality designations under the stipulated Protective Order, **not** through redactions rendering produced documents meaningless.  *See* ECF No. 70 at ¶ 5 ("Any disclosing party may … designate as 'Confidential' any Discovery Material that the Disclosing Party reasonably and in good faith believes constitutes and/or reveals … personal information that the Disclosing Party would not normally reveal to third parties ….").

Even if RPI had not already waived any "privacy" objections, the objections have no merit. "Where the alleged obstacle to production is foreign law, the burden of proving what that law is and demonstrating why it impedes production falls on the party resisting discovery." *SEC v. Gibraltar Global Sec. Inc.*, 2015 WL 1514746 at *2 (S.D.N.Y. Apr. 1, 2015). Here, RPI makes no such showing.  Instead, RPI merely passes along the "explanation" it purportedly received from BNPPF.  RPI again forgets that it is standing in the shoes of BNPPF and is fully responsible for the quality and content of assignor discovery.  New and vague claims regarding the Belgian Data Privacy Act—never before mentioned or relied upon by RPI in **any** prior document production, including prior productions of BNPPF documents—is no basis for wholesale redactions.

Indeed, even if RPI could show that the Belgian Data Privacy Act applied, which it has failed to do, "[i]t is well settled that [foreign] statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute."  *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 536 (1987).

U.S. Bank respectfully requests an expedited order requiring that RPI reproduce all previously produced BNPPF documents immediately without redactions.[2]  Because it is likely impossible for U.S. Bank to receive and analyze any unredacted documents in time for depositions scheduled to begin next week in Brussels, U.S. Bank further requests that RPI be required to reimburse U.S. Bank for any penalties or cancellation fees associated with a postponement of the depositions.  Finally, because of recent suggestions by RPI that U.S. Bank's deposition time with the BNPPF witnesses will be limited to less than seven hours, as well as additional suggestions regarding witness availability, U.S. Bank requests that RPI be ordered to produce the BNPPF witnesses for seven hours each, to the extent needed, during the week of July 17, 2017.

---

[1] *See*, *e.g.*, Ex. 4 (RPI's Reponses and Objections to U.S. Bank's First Set of Requests for Production of Documents and Things).

[2] RPI's counsel has suggested that at least some of the improperly redacted documents are duplicates of previously-produced documents that were **not** redacted—which, if true, simply proves that the redactions are improper.  However, U.S. Bank has not been able to verify that the redacted BNPPF documents are indeed duplicates, given the lack of author/recipient and metadata information.  To the extent Royal Park maintains that the redacted documents are mere duplicates of other unredacted documents, Royal Park should be required to provide a cross-reference chart.

Hon. James C. Francis IV
June 20, 2017
Page 4

Respectfully submitted,

*/s/ Benjamin P. Smith*

Benjamin P. Smith

cc:      Counsel of Record via ECF