**Robbins Geller Rudman & Dowd LLP**

Atlanta    Melville    Philadelphia    San Francisco
Boca Raton    New York    San Diego    Washington, DC



Darryl J. Alvarado
dalvarado@rgrdlaw.com
619-744-2692

June 28, 2017

VIA OVERNIGHT DELIVERY

The Honorable Victor Marrero
U.S.D.C., Southern District of New York
500 Pearl Street, Suite 1040
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/29/17

Re: *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*,
No. 1:14-cv-02590-VM-JCF

Dear Judge Marrero:

    I write on behalf of Royal Park Investments SA/NV ("Royal Park") in response to U.S. Bank National Association's ("U.S. Bank") letter dated June 20, 2017, regarding Royal Park's motion to exclude the opinions and testimony of Christopher James (the "Letter"). Although styled as a "motion to strike," U.S. Bank's letter is nothing more than an unauthorized sur-reply filed in the hopes of salvaging its class certification expert, whose opinions and testimony are unreliable, irrelevant, unhelpful, and incredible.[1] If anything, U.S. Bank's letter highlights the reasons why James's opinions and testimony should be excluded from the Court's consideration of Royal Park's pending motion for class certification. U.S. Bank's motion should be denied.

    ***First***, U.S. Bank claims that Royal Park's argument concerning James's credibility is "an entirely new argument" on reply. Letter at 1. To the contrary, Royal Park discussed in detail James's mischaracterizations and misquotes of Royal Park's expert's opinions in its opening brief, directly calling into question his credibility. *See, e.g.*, Dkt. No. 208, §IV.D. (explaining that James's opinions concerning Royal Park's expert are based on, at worst, "an intentional mischaracterization of [the] evidence"). More importantly, despite having ***recently*** been deposed in a proceeding concerning his involvement in a "pump and dump" scheme to defraud creditors and investors, James, under oath, failed to disclose this testimony in response to a direct question about his prior depositions as a fact, rather than expert, witness. It is inconceivable that James simply

---

[1] U.S. Bank's letter is procedurally defective for the additional reason that motions to strike may be used only to strike "pleadings," which includes "a complaint, an answer, a counterclaim, or a cross claim." *Dekom v. New York*, No. 12-CV-1318 (JS) (ARL), 2013 U.S. Dist. LEXIS 85360, at *18 (E.D.N.Y. June 18, 2013), *aff'd*, 583 F. App'x 15 (2d Cir. 2014). As U.S. Bank is "not seeking to strike pleadings, but rather briefs, [its] motion[] must be DENIED." *Id.*; *see also Granger v. Gill Abstract Corp.*, 566 F. Supp. 2d 323, 334-35 (S.D.N.Y. 2008) ("[Rule 12(f)] allows a court to strike pleadings only.").
655 West Broadway, Suite 1900    San Diego, CA 92101    Tel 619 231 1058    Fax 619 231 7423    rgrdlaw.com

**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable Victor Marrero
June 28, 2017
Page 2

forgot about this recent testimony given that it is one of only three or four times he has provided fact witness testimony and the only instance (to Royal Park's knowledge) in which he was questioned about his participation in a fraud.[2] James even went so far as to excise his involvement in the companies at issue in the fraud case from his résumé.[3] Had James testified truthfully, his severe credibility problems could have been discussed in even more detail in both Royal Park's opening and reply briefs.[4]

***Second***, U.S. Bank concedes that James's credibility problems go "to the weight" the Court affords his opinions. Letter at 2. Indeed, Royal Park raised James's credibility deficiencies – his failure to testify about his prior fact witness depositions, his involvement in a fraud case, a bankruptcy court's findings related to James's conduct, James's baseless opinions concerning Royal Park's document production, and previous court orders precluding James's opinions as baseless and making "little sense" – precisely to call into question the weight to be afforded his opinions in this case. An expert's credibility is always a legitimate inquiry, particularly here, where the Court, and not a jury, will be considering James's class certification opinions and testimony. *See, e.g., Leveraged Innovations, LLC v. Nasdaq OMX Grp.*, No. 11 Civ. 3203 (KBF), 2012 U.S. Dist. LEXIS 132531, at *13-*14 (S.D.N.Y. Sept. 14, 2012) ("Courts should also evaluate the credibility of the witness and consider whether the proffered opinions meet the standards set forth in *Daubert*

---

[2] U.S. Bank argues that James "readily identified his deposition" to Royal Park's counsel in a different case. Letter at 2 n.1. Not so. In that case, counsel, having independently discovered James's involvement in the pertinent bankruptcy and civil fraud cases, asked James directly about his association with the companies at issue in those cases. James did not "readily identif[y]" the deposition he provided in the bankruptcy case; indeed, James did not mention that deposition at all.

[3] U.S. Bank claims that James "no longer identifies a Hintze-associated entity on his C.V. only because the entity has been dissolved and he has no association with it." Letter at 2 n.1. This is untrue. The entity to which James is alleged to have fraudulently transferred assets, at least as of February 2017, "is ***still owned*** by James and [an associate] and ***remains profitable***." *Spence v. Hintze*, A.P. No. 13-01007-KKS, Dkt. No. 935 at 11 (Bankr. N.D. Fla. Feb. 9, 2017) (emphasis added). That entity – TutoringZone, II, LLC – is conspicuously absent from the résumé James submitted in this case. *See* Dkt. No. 181-1, Ex. 1. What is more, James identifies numerous other prior, non-active affiliations on his résumé, but omits any reference that would allow the reader to discern James's involvement in the companies at issue in the bankruptcy and civil fraud cases. *Id.*

[4] In any event, "[a] district court enjoys broad discretion . . . to consider arguments made for the first time in a reply brief, [and] to rely on evidence submitted with the reply papers." *Compania del Bajo Caroni (Caromin), C.A. v. Bolivarian Rep. of Venez.*, 341 F. App'x 722, 724 (2d Cir. 2009). A court may "admit such evidence where the opposing party will suffer no prejudice." *Dixon v. NBCUniversal Media, LLC*, 947 F. Supp. 2d 390, 396 (S.D.N.Y. 2013). There is no prejudice where, as here, the opposing party has filed a sur-reply addressing the new evidence. *Id.* at 397 ("This prejudice is cured by the Court's previous decision . . . to grant [the opposing party] leave to file a sur-reply."). Accordingly, Royal Park's reply arguments concerning James's credibility are properly considered.

**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable Victor Marrero
June 28, 2017
Page 3

. . . ."). Thus, U.S. Bank's passing citation to Fed. R. Evid. 405(a) and 608(b) is inapposite. Royal Park is not seeking to "admit" at trial evidence of character under Fed. R. Evid. 405 or 608, but rather highlighting at the class certification stage severe credibility problems with U.S. Bank's proffered expert. Regardless, extrinsic evidence of a witness's conduct *is admissible* for purposes of impeaching the witness's truthfulness. *See, e.g., Nibbs v. Goulart*, 822 F. Supp. 2d 339, 344 (S.D.N.Y. 2011) (Marrero, J.).

***Third***, U.S. Bank makes much of a "separate adversary proceeding" that was dismissed against James (Letter at 2), but fails to mention that that proceeding was *voluntarily* dismissed for lack of jurisdiction. Contrary to U.S. Bank's insinuations, the bankruptcy court made clear that the dismissal of claims against James "was not intended, nor can it be construed, as a ruling on the merits" and was "due only to lack of jurisdiction." *Bender v. Hintze*, A.P. No. 14-01005-KKS, Dkt. No. 208 at 8 (Bankr. N.D. Fla. Feb. 3, 2017). Tellingly, in a subsequent opinion in a different proceeding, the *same* judge made numerous "findings of fact" and "conclusions of law" involving James, including that he was involved in a "cover-up" to hide assets from investors and creditors and suggested that James might have committed perjury by providing "contradict[ory]" testimony regarding key events under oath. *Spence v. Hintze*, A.P. No. 13-01007-KKS, Dkt. No. 935 at 17-21, 23-25. In addition, James is a current defendant in a fraud and civil conspiracy case alleging that James and his co-defendants engaged in a "pump and dump" scheme to defraud creditors by transferring the assets of one company to another "owned by James, that would carry on the business of [the original company] without being saddled by debt to the Lenders." *FLH Holdings of Fla. LLC, et al. v. Christopher M. James, et al.*, No. 01-2016-CA-538, Amended Complaint, ¶¶102, 104-106 (Fla. Cir. Ct., 8th Cir., Sept. 13, 2016).

James's credibility is properly and, indeed, necessarily considered on a *Daubert* motion at class certification. On the present record, James's opinions and testimony should be afforded little, if any, weight, and his unreliable, irrelevant, and unhelpful opinions should be excluded from consideration.

Respectfully submitted,

DARRYL J. ALVARADO

DJA:llf

cc: All Counsel (via Overnight Delivery)

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff.

SO ORDERED.

6-29-17
DATE

VICTOR MARRERO, U.S.D.J.



U.S. BANK TRUSTEE RPI
Service List - 6/28/2017   (14-0060)
Page 1 of 2

**Counsel for Defendant(s)**

Michael S. Kraut
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY  10178-0060
  212/309-6000
  212/309-6273   (Fax)

Benjamin P. Smith
Tera Marie Heintz
Morgan, Lewis & Bockius LLP
Spear Street Tower
One Market Plaza, 23rd Floor
San Francisco, CA  94105
  415/442-1000
  415/442-1001   (Fax)

Hillel I. Parness
Parness Law Firm, PLLC
136 Madison Avenue, 6th Floor
New York, NY  10016
  212/447-5299
  646/722-3301   (Fax)

Stacey P. Slaughter
Todd Klukow
Martin R. Lueck
Robins Kaplan LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
  612/349-8500
  612/339-4181   (Fax)

Sherli Furst
Robins Kaplan LLP
399 Park Avenue, Suite 3600
New York, NY  10022
  212/980-7400
  212/980-7499   (Fax)

David E. Marder
Morgia D. Holmes
Robins Kaplan LLP
800 Boylston Street, Suite 2500
Boston, MA  02199
  617/267-2300
  617/267-8288   (Fax)

**Counsel for Plaintiff(s)**

Samuel H. Rudman
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY  11747
  631/367-7100
  631/367-1173   (Fax)

Arthur C. Leahy
Steven W. Pepich
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
  619/231-1058
  619/231-7423   (Fax)

U.S. BANK TRUSTEE RPI
Service List - 6/28/2017   (14-0060)
Page 2 of 2

Christopher M. Wood
Robbins Geller Rudman & Dowd LLP
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
  615/244-2203
  615/252-3798    (Fax)