UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x
ROYAL PARK INVESTMENTS SA/NV, : Civil Action No. 14-cv-02590-VM
Individually and on Behalf of All Others :
Similarly Situated, : CLASS ACTION
:
: REPLY MEMORANDUM OF LAW IN
Plaintiff, : SUPPORT OF ROYAL PARK
: INVESTMENTS SA/NV'S RULE 72
vs. : OBJECTIONS TO AND MOTION TO SET
: ASIDE MAGISTRATE JUDGE'S
U.S. BANK NATIONAL ASSOCIATION, as : SEPTEMBER 26, 2017 ORDER ON
Trustee, : MOTION TO STRIKE THE ADVICE OF
: COUNSEL DEFENSE
Defendant. :
----------------------------------------x

1323750_1

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................2

    A. Royal Park's Motion to Strike Was Referred as a Dispositive Motion Requiring a Report and Recommendation ..............................................2

    B. U.S. Bank Waived the Advice of Counsel Defense by Failing to Assert It by the August 15, 2017 Deadline ..........................................................4

    C. It Is "Fundamentally Fair" to Hold U.S. Bank to the August 15, 2017 Deadline ..................................................................................................6

    D. A Decision on "Sampling" Will Not Impact Royal Park's Claims or Interrogatory Responses .........................................................................7

III. CONCLUSION ...................................................................................................................10

1323750_1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Fernandez v. Comm'r of Soc. Sec.*,
  No. 16-cv-4533 (NSR) (PED), 2017 WL 4326528
  (S.D.N.Y. Sept. 26, 2017) ...................................................................................................... 2

*In re County of Erie*,
  546 F.3d 222 (2d Cir. 2008) .................................................................................................... 9

*MacTaggart v. Risucci*,
  No. 85 Civ. 0812 (CBM), 1985 WL 3343
  (S.D.N.Y. Oct. 28, 1985) ........................................................................................................ 5

*Minerals Techs., Inc. v. Omya AG*,
  No. 04 Civ. 4484 (VM), 2005 WL 1539284
  (S.D.N.Y. June 29, 2005) ........................................................................................................ 7

*Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*,
  No. 14-cv-04394-AJN-BCM, 2017 U.S. Dist. LEXIS 152307
  (S.D.N.Y. Sept. 15, 2017) ....................................................................................................... 5

*Royal Park Invs. SA/NV v. HSBC Bank USA Nat'l Ass'n*,
  No. 14-cv-8175 (LGS) (SN), 2017 U.S. Dist. LEXIS 70989
  (S.D.N.Y. May 8, 2017) ...................................................................................................... 5, 9

*United States v. Rubin/Chambers Dunhill Ins. Servs.*,
  828 F. Supp. 2d 698 (S.D.N.Y. 2011) ..................................................................................... 9

*Velasquez v. Metro Fuel Oil Corp.*,
  12 F. Supp. 3d 387 (E.D.N.Y. 2014) ...................................................................................... 3

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
  Rule 26(c) ................................................................................................................................ 9
  Rule 72 .............................................................................................................................. 3, 10

Local Rules
  Rule 33.3 ................................................................................................................................. 7
  Rule 72.1 ................................................................................................................................. 3

**I.      INTRODUCTION**

This Court referred Royal Park's Motion to Strike the Advice of Counsel Defense to Judge Francis for a Report and Recommendation ("R&R") as a dispositive motion.  *See* Dkt. No. 312.  Rather than issue an R&R addressing the merits of Royal Park's motion, Judge Francis issued the September 26 Order purporting to deny Royal Park's motion without prejudice on ripeness grounds.  *See* Dkt. No. 326.  Nevertheless, U.S. Bank inexplicably contends that the September 26 Order did not resolve a dispositive motion, that it should be reviewed under the same legal standard as if the Court were resolving an objection to a non-dispositive discovery motion, and that it is of no moment that Judge Francis failed to issue an R&R with a recommended disposition, as required by this Court's referral order and applicable law governing a magistrate judge's consideration of a dispositive motion.  Unsurprisingly, U.S. Bank offers no authority for any of these contentions.

Worse still, U.S. Bank's opposition is littered with factual inaccuracies and inconsistent arguments, none of which actually address the true substance of Royal Park's objections.  It suggests that the August 15, 2017 deadline for asserting or waiving the advice of counsel defense affirmed by this Court was somehow provisional, subject to U.S. Bank's renewal of an objection it withdrew after this issue was first briefed back in June 2017.  It claims that it complied with the August 15, 2017 deadline to assert the defense "promptly" by informing Royal Park on August 16, 2017 that it was not asserting the defense "at this time" but reserving the right to do so at some later, indeterminate time in the future.  It insists that it requires loan-level information to assert the advice of counsel defense, despite failing to show that it sought legal advice on a loan-by-loan basis (it did not) and despite that, even if it did, reliance on advice as to one loan would put "at issue" all legal advice on the same or similar subject.  And while Royal Park explained in detail in its Objection that a decision as to loan sampling will not impact its interrogatory responses (or expand its claims), U.S.

- 1 -

Bank persists in its false assertion that a sampling decision will cause Royal Park to substantially alter its claims. It will not, and U.S. Bank's assertion to the contrary is manufactured to avoid the inevitable waiver of the defense it has failed to assert despite *two* Court-ordered deadlines.

U.S. Bank's Opposition does succeed in making one thing perfectly clear: U.S. Bank has waived the advice of counsel defense with regard to all of the policies, procedures, practices, actions, and inactions identified in Royal Park's Amended Responses by failing to assert it by the August 15, 2017 deadline. *See* Opposition at 19. Despite this admission, U.S. Bank attempts to reserve the right to raise the defense later in the litigation if it determines Royal Park has added "claims" or additional evidence in support of Royal Park's claims. But at this late stage of the litigation, with fact discovery closed and with U.S. Bank in possession of exhaustive discovery responses, there is no basis to provide U.S. Bank an open-ended opportunity to assert the defense at some indeterminate time in the future.

As a result, Royal Park respectfully requests that the Court (i) vacate the September 26 Order, (ii) strike the advice of counsel defense from U.S. Bank's answer, and (iii) preclude U.S. Bank and its witnesses from arguing that they believed, based on the advice of counsel or in good faith, that their conduct underlying this action complied with their obligations.

II.   **ARGUMENT**

    A.    **Royal Park's Motion to Strike Was Referred as a Dispositive Motion Requiring a Report and Recommendation**

This Court explicitly referred Royal Park's motion to strike to Judge Francis as a dispositive motion requiring an R&R. *See* Dkt. No. 312. The fact that Judge Francis did ***not*** issue an R&R in accordance with the referral order and applicable law governing the referral of dispositive motions mandates that the September 26 Order be vacated. *See* Objection at 9 (citing, *inter alia*, *Fernandez v. Comm'r of Soc. Sec.*, No. 16-cv-4533 (NSR) (PED), 2017 WL 4326528, at *1 (S.D.N.Y. Sept. 26,

- 2 -

2017) (finding magistrate to whom dispositive motion is referred "'***must*** enter a recommended disposition"); *Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp. 3d 387, 398 (E.D.N.Y. 2014) (noting that referral of a dispositive motion does "***not*** empower a magistrate to . . . issue an order")) (emphasis added).

U.S. Bank ignores the clear requirements of Fed. R. Civ. P. 72 and applicable case law and, instead, relegates this foundational issue to a single footnote in which it claims – without any support – that "the form of the September 26 Order . . . amounts to nothing" because "[t]he order disposes of nothing and has no binding effect on RPI's ability to renew its motion." Opposition at 18 n.4.  In doing so, U.S. Bank concedes that the September 26 Order fails to comply with this Court's order referring Royal Park's motion to strike to Judge Francis (*see* Dkt. No. 312) or with law governing referrals of dispositive motions to magistrate judges (*see* Objection at 9 (collecting cases)).[1] Moreover, because this Court had already determined that Royal Park's motion to strike was ripe for determination on the merits by referring it to Judge Francis for a R&R, the September 26 Order denying the motion without prejudice on ripeness grounds contradicts the Court's July 6 Order – another, independent ground to vacate the September 26 Order.

U.S. Bank is equally incorrect that the September 26 Order and the July 6 Order are analogous and therefore should be reviewed under the same "clearly erroneous" standard.  In truth, the July 6 Order merely determined that it was within Judge Francis's discretion – as a matter of discovery and case management – to provide U.S. Bank additional time to assert or waive because

---

[1] Unsurprisingly, U.S. Bank cannot cite a single case supporting its argument that the Court should simply ignore the fact that Judge Francis failed to issue an R&R on the merits.  After all, if U.S. Bank was correct, the procedural determination of whether an issue is "dispositive" would only need to be made after a decision has been reached by a magistrate judge and would hinge on whether the order actually disposed of a claim or defense rather than whether the underlying motion sought to dispose of a claim or defense.  Such a result is untenable, as it would directly contradict Fed. R. Civ. P. 72 and S.D.N.Y. Local Rules limiting a magistrate judge's power to decide dispositive motions unless such motion is referred for consideration by the district court.  *See* Fed. R. Civ. P. 72; Local Rule 72.1.

Royal Park would soon be serving interrogatory responses.[2] However, the Court also recognized that August 15, 2017 would be the final deadline for U.S. Bank to assert or waive the defense. *See* August 28 Order, at 26 ("[I]f U.S. Bank ***declines or otherwise fails*** to assert the defense [by the August 15 deadline], this concern is ***mooted***.") (emphasis added). Unlike the July 6 Order, the September 26 Order addresses Royal Park's dispositive motion to strike, not a discovery issue. *See* Dkt. No. 312 (referring motion to Judge Francis as "[d]ispositive"). The September 26 Order is unquestionably subject to *de novo* review.

### B. U.S. Bank Waived the Advice of Counsel Defense by Failing to Assert It by the August 15, 2017 Deadline

Even setting aside U.S. Bank's demonstrably false assertion that it has complied with all relevant deadlines to assert or waive the advice of counsel defense (*see* Alvarado Decl., Ex. 2, noting that U.S. Bank failed to communicate any decision to assert or waive the defense by the August 15, 2017 deadline) (Dkt. No. 329-2), U.S. Bank's argument that its advice of counsel defense "has never been waived" is wrong for multiple reasons. *See* Opposition at 18.

First, U.S. Bank ***concedes*** that it has "waived such a defense only as to each claim RPI specified" in its Amended Responses. Opposition at 18-19. Thus, U.S. Bank has unequivocally and forever waived the defense as to "as to any of the particular claims and alleged conduct identified by RPI" in its Amended Responses. *Id*. at 7; *see also id.* at 18-19 ("After finally receiving RPI's interrogatory responses on July 31, 2017, U.S. Bank was able to confirm that it would not assert that defense as to the various claimed breaches identified by RPI. ***In so doing, U.S. Bank waived such a defense*** only as to each claim RPI specified.") (emphasis added). At summary judgment and trial, U.S. Bank and its witnesses may not point to advice from attorneys or to their own purported good

---

[2] The Court declined to address the dispositive aspect of Royal Park's objection – its motion to strike – at that time. *See* August 28 Order at 19.

faith belief in the legality of their decisions to defend against Royal Park's claims that the policies and practices identified in the Amended Responses failed to comply with U.S. Bank's contractual and common law duties.

Second, U.S. Bank's attempt to limit its waiver to "*only*" the information identified in the Amended Responses fails.[3] Nothing in the July 6 or August 28 Orders – the law of the case – allows U.S. Bank to continue to reserve the right to assert the advice of counsel defense after August 15, 2017. *Compare* Opposition at 19 *with* August 28 Order at 26 ("Furthermore, although the previously-imposed discovery deadline has passed, if U.S. Bank declines or otherwise fails to assert the defense [by August 15, 2017], this concern is mooted."). Indeed, U.S. Bank's attempt to reserve its rights is undermined by its own statement to the Court that "the time for U.S. Bank to assert any advice of counsel defense *will expire* on August 15, 2017" – a statement that U.S. Bank fails to address, let alone reconcile, in its opposition. Dkt. No. 285 at 13 (emphasis added).[4]

Third, U.S. Bank's attempt to prevent the Court from striking its advice of counsel defense by "renewing" its objection to the June 1 Order must be rejected. Although its objection to the June 1 Order was deemed withdrawn without prejudice in connection with the July 6 Order, Judge Francis clearly did not intend that U.S. Bank could delay its renewal of the objection *indefinitely*. *See* Dkt.

---

[3] The only case that U.S. Bank cites in support of this limited waiver argument, *MacTaggart v. Risucci*, No. 85 Civ. 0812 (CBM), 1985 WL 3343, at *1 (S.D.N.Y. Oct. 28, 1985), is inapposite. *MacTaggart* is a summary judgment opinion discussing the equitable defense of waiver under New York law, which the defendant had affirmatively asserted in response to demands for rescission. It is utterly irrelevant to the instant matter.

[4] U.S. Bank mentions the orders striking the advice of counsel defense in Royal Park's trustee cases against Deutsche Bank and HSBC but fails to distinguish them. *See* Opposition at 8-10. In fact, they are indistinguishable and support striking the defense here. *See* Objection at 10-11. As in *HSBC*, U.S. Bank neither asserted the defense by the August 15, 2017 deadline nor objected to the *two* orders directing it to make its decision by August 15, 2017. *See Royal Park Invs. SA/NV v. HSBC Bank USA Nat'l Ass'n*, No. 14-cv-8175 (LGS) (SN), 2017 U.S. Dist. LEXIS 70989, at *28-*30 (S.D.N.Y. May 8, 2017) (striking defense where defendant failed to assert the defense by the court-ordered deadline, instead purporting to "reserve[e] [its] rights," and did not object to the deadline). Similarly, as in *Deutsche Bank*, U.S. Bank waived the defense by neither objecting to the deadline nor asserting the defense by the deadline. *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-04394-AJN-BCM, 2017 U.S. Dist. LEXIS 152307 (S.D.N.Y. Sept. 15, 2017). That Judge Moses noted in dicta that Deutsche Bank never requested interrogatory responses is irrelevant; U.S. Bank received Royal Park's interrogatory responses weeks before the August 15, 2017 deadline.

No. 278.  Indeed, his intent in permitting the withdrawal of the objection was evident: U.S. Bank would receive the Amended Responses and, to the extent that U.S. Bank believed Royal Park's Amended Responses were inadequate to allow it to assert or waive the advice of counsel defense unequivocally, it would promptly renew the objection.  If U.S. Bank truly had a basis to renew its objection to the June 1 Order, it would have done so by the August 15, 2017 deadline.  It did not.  Nor did U.S. Bank timely object to this Court's August 28 Order, which affirmed that U.S. Bank had until August 15, 2017 to assert the defense.  Indeed, U.S. Bank did not even attempt to renew its objection as part of its original opposition to Royal Park's motion to strike.  *See* Dkt. No. 309.  Simply put, U.S. Bank made a strategic decision not to renew its objection until two months ***after*** the stated deadline for waiver, and it would be both prejudicial to Royal Park and a waste of judicial resources to permit it to do so now.

### C. It Is "Fundamentally Fair" to Hold U.S. Bank to the August 15, 2017 Deadline

U.S. Bank has been granted multiple extensions to analyze, and then conclusively assert or waive, the advice of counsel defense over the past nearly ***six months***.  *See* Dkt. Nos. 258, 273.  These extensions were exceptional, as clear precedent holds that the advice of counsel defense must be timely asserted ***before*** the conclusion of discovery.  *See* Objection at 17 (collecting cases).  U.S. Bank did not object to the August 28 Order, which affirmed the August 15 deadline, and it did not seek additional information it now claims to need regarding the defense until ***after*** the August 15 deadline.  *See* Dkt. No. 305 (moving to compel further interrogatory responses on August 30, 2017, after the deadline to assert the advice of counsel defense expired and after Royal Park filed its motion to strike).

U.S. Bank nevertheless suggests that fundamental fairness requires it be given what amounts to an indefinite extension to assert or waive the advice of counsel defense – an impossible, endless-

- 6 -

cycle result, because should U.S. Bank be permitted to later assert the defense, it will be required to produce additional discovery thereby potentially necessitating further amendment to Royal Park's discovery responses. Such a result would cause intractable case management problems and severely prejudice Royal Park at summary judgment and trial. U.S. Bank cannot justify further deviation from the already exceptionally generous deadline affirmed by this Court in the August 28 Order.[5]

### D.  A Decision on "Sampling" Will Not Impact Royal Park's Claims or Interrogatory Responses

The September 26 Order is substantively flawed because it links resolution of Royal Park's motion to strike to a completely unrelated issue – whether Royal Park may use sampling as part of its damages methodology. *See* Objection at 13. U.S. Bank insists that the two are related, and that a decision on sampling may cause Royal Park to dramatically expand its claims (and, accordingly, its interrogatory responses). *See* Opposition at 14. That is simply not the case.[6]

Royal Park asserts two claims against U.S. Bank: breach of contract and breach of trust.[7] *See* August 28 Order at 1 n.1 ("[T]he only claims remaining are for breach of contract and breach of trust relating to 21 RMBS trusts."). Royal Park's interrogatory responses do not identify claims, they

---

[5]  *Minerals Techs., Inc. v. Omya AG*, No. 04 Civ. 4484 (VM) (MHD), 2005 WL 1539284, at *1 (S.D.N.Y. June 29, 2005) does not support U.S. Bank's prejudice claim. In *Minerals Techs*, the Court addressed whether defendants in a bifurcated action, where damages and attorney's fees would not be tried until after a determination on liability, were required to waive the attorney-client privilege as to their legal fees prior to a determination on liability under the existing case management order. The Court determined it did not, reasoning that because the privileged material could improperly influence the liability stage, and waiting would not increase inefficiency, it was appropriate to wait for such disclosure. The situation here, however, is the precise opposite: the privileged material withheld – approximately 16,000 documents – are directly relevant to U.S. Bank's liability.

[6]  U.S. Bank also contends that Royal Park should not be heard to complain that Judge Francis delayed resolution of Royal Park's motion to strike until after resolution of the sampling issue because Royal Park agreed to a schedule for resolving the sampling issue. *See* Opposition at 15. This argument is a distraction. As explained in the Objection and herein, the sampling decision simply has no relevance to Royal Park's motion to strike.

[7]  U.S. Bank's assertion that Royal Park has "delay[ed] the specification of its claims for almost four years" is disingenuous. Opposition at 20. As described herein, Royal Park's claims have not changed since discovery began. U.S. Bank's complaint that its contention interrogatories were outstanding for "over a year" is similarly disingenuous – U.S. Bank propounded its contention interrogatories before U.S. Bank's document production was even halfway completed, in violation of S.D.N.Y. Local Rule 33.3, and did not raise its interrogatories again until May 2017. *Compare* Opposition at 5 *with* Ex. 11.

- 7 -

identify evidence adduced to date supporting Royal Park's claims. For example, Royal Park's interrogatory responses identify policies, procedures, and practices adopted by U.S. Bank designed to avoid taking action to protect the trusts, in violation of its contractual and common law duties, including, for example:

- Internal protocols that U.S. Bank would not notify Certificateholders of ongoing breaches of representations and warranties during the Class Period, while simultaneously requiring Certificateholder direction and indemnity to enforce repurchases;

- Position that the Trustee had no obligation under the Governing Agreements to perform any investigation or take any independent action regarding loans suffering breaches in the Covered Trusts;

- Policies rendering it nearly impossible for investors to obtain loan file reviews, including by requiring that a Certificateholder must have at least 25% of the Voting Rights in a Trust, indemnify U.S. Bank, and cover the cost of the entire loan file review;

- No policies or rules requiring that U.S. Bank employees possess an understanding of applicable servicing standards, even at a general level, despite the fact that a servicer's or master servicer's failure to adhere to such standards constitutes an Event of Default;

- Policy of refusing to respond to alleged Events of Default or follow up on widespread material instances of non-compliance reported by servicers;

- Policy that U.S. Bank would not take any action based on public information regarding widespread breaches and/or servicer misconduct;

- Abandoning breach of representation and warranty claims against Lehman Brothers with respect to nine of the Covered Trusts;

- Failing to enforce breaches of representation and warranty for the thousands of loans identified in the Amended Responses, despite having actual knowledge of or discovery of such breaches.

The quantum of loans causing losses to the Covered Trusts are simply the ***result*** of U.S. Bank's failures to adhere to its obligations under the Governing Agreements and its do-nothing policies and procedures, not the breaches themselves. Identification of the quantum of breaching loans is relevant to proving the measurable impact to Certificateholders arising from loans U.S. Bank

- 8 -

1323750_1

should have ensured were repurchased but did not, not to proving that U.S. Bank's do-nothing policies and procedures failed to comply with its contractual and common law duties. Thus, U.S. Bank's assertion that sampling may result in wildly different interrogatory responses is simply incorrect. *See* Opposition at 14. Royal Park's reservation of its rights to amend its contention interrogatories was just that – a reservation of the right to amend its responses with additional information should it become necessary to do so, as Fed. R. Civ. P. 26(c) *requires*. U.S. Bank's failure to conclusively assert or waive the defense by the August 15, 2017 deadline is not excused by Royal Park's statement that it may, in compliance with Fed. R. Civ. P. 26(c), amend its interrogatory responses before trial.

Moreover, even if a decision on sampling, expert discovery, or any other development in this litigation necessitates the addition of loan-level information to Royal Park's interrogatory responses, U.S. Bank has failed – after multiple rounds of briefing – to provide any explanation as to *how* such information will impact its decision whether to assert the defense. *See* Opposition at 16-17.[8] Indeed, in each of its many briefs on this topic, U.S. Bank has studiously avoided answering Royal Park's assertion that U.S. Bank never actually sought legal advice on a loan-by-loan basis. *Compare*, *e.g.*, Objection at 15 *with* Opposition at 16-17.[9] And while there is no evidence in the record suggesting

---

[8]   Importantly, the Court did *not*, as U.S. Bank claims, "rule[] in the August 28 Order [that] 'U.S. Bank ought to be able to avail itself of' the [identification of specific alleged breaches] for the purposes of asserting the defense." *See* Opposition at 16. Instead, the Court's finding was far more limited, finding only that "although Magistrate Judge Francis may have held that identification of specific alleged breaches is not necessary, it was well within his discretion to find that, because such information *would nonetheless* be furnished by July 30 on account of his order granting a motion to compel, U.S. Bank ought to be able to avail itself of that information for the purposes of asserting the defense." August 28 Order at 21-22. U.S. Bank received that information in Royal Park's Amended Responses.

[9]   For this reason, *United States v. Rubin/Chambers Dunhill Ins. Servs.*, 828 F. Supp. 2d 698, 710-11 (S.D.N.Y. 2011), which U.S. Bank relies, is inapposite. *Rubin/Chambers* is a criminal case, where issues of fundamental fairness were heightened. Accordingly, Judge Netburn distinguished *Rubin/Chambers*, finding it inapplicable to trustee actions. *See HSBC*, Dkt. No. 343, at 6. Nor does *In re County of Erie* support U.S. Bank's purported need for loan-level information in order to assert or waive the defense. *See In re County of Erie*, 546 F.3d 222, 229 (2d Cir. 2008) (holding that a party must rely on privileged advice from his counsel to make his defense, but declining to "speculate as to what degree of reliance is required because Petitioners here do not rely upon the advice of counsel in the assertion of their defense" and noting that, as such, there was no unfairness to the respondents from finding no waiver of the privilege).

that it did so, Royal Park has provided myriad examples of U.S. Bank employees specifically refuting that practice – in fact, legal advice was sought as to **policies**, **trust-level contract interpretation**, and the creation and sufficiency of **department-level practices**, not at the loan level. *See* Objection at 15-16.[10]

Finally, it is not possible to link the assertion or waiver of the defense with specific loans because if U.S. Bank had elected to assert the advice of counsel defense even as to one loan, it would put documents and communications on the subject matter of that advice "at issue" in the litigation, resulting in a broad subject-matter waiver for documents currently withheld on the basis of attorney-client privilege. *See* Objection at 16 (collecting cases).

### III.   CONCLUSION

For the reasons stated herein and in Royal Park's Objection, Royal Park respectfully requests that its Rule 72 Objections to and Motion to Set Aside Magistrate Judge's September 26, 2017 Order on Motion to Strike the Advice of Counsel Defense be granted.

DATED:  October 31, 2017                    Respectfully submitted,


                                            s/ DARRYL J. ALVARADO
                                            DARRYL J. ALVARADO

---

[10] U.S. Bank's tired recitation of deal-party statistics to justify its purported inability to assess whether it relied on legal advice for matters at issue in this litigation is unpersuasive. Not only has U.S. Bank (in theory) already identified the law firms and legal advice it obtained during its privilege review of documents containing the agreed-upon search terms in this case – which included the various deal parties – but U.S. Bank's undisputed practice was to bill the Covered Trusts for the legal advice it obtained related to the administration of the Trusts. *See* Complaint for Breach of Contract, Unjust Enrichment, Conversion, Breach of Trust, Equitable Accounting and for Declaratory and Injunctive Relief filed in *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, No. 1:17-cv-06778 (S.D.N.Y. Sept. 6, 2017); Ex. 12 at 115:22-116:1.  A review of the associated legal invoices, many of which were produced in redacted form in this case, would thus likely provide a ready snapshot of the advice received. *See, e.g.*, Ex. 13.

ROBBINS GELLER RUDMAN
  & DOWD LLP
ARTHUR C. LEAHY
STEVEN W. PEPICH
LUCAS F. OLTS
DARRYL J. ALVARADO
HILLARY B. STAKEM

655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
artl@rgrdlaw.com
stevep@rgrdlaw.com
lolts@rgrdlaw.com
dalvarado@rgrdlaw.com
hstakem@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD
414 Union Street, Suite 900
Nashville, TN  37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 31, 2017.

      s/ DARRYL J. ALVARADO
      DARRYL J. ALVARADO

      ROBBINS GELLER RUDMAN
         & DOWD LLP
      655 West Broadway, Suite 1900
      San Diego, CA  92101-8498
      Telephone:  619/231-1058
      619/231-7423 (fax)

      E-mail:  dalvarado@rgrdlaw.com

1323750_1

# Mailing Information for a Case 1:14-cv-02590-VM-RWL Royal Park Investments SA/NV v. U.S. Bank National Association

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,nhorstman@rgrdlaw.com,lmix@rgrdlaw.com

- **Thomas F. Berndt**
  tberndt@robinskaplan.com,mschroeder@robinskaplan.com

- **Rachael Catherine Chan**
  rachael.chan@morganlewis.com,mary.jensen@morganlewis.com

- **Rollin Bernard Chippey**
  rchippey@morganlewis.com,robert.thompson@morganlewis.com

- **Michael Collyard**
  mcollyard@robinskaplan.com,rhoule@robinskaplan.com

- **Joseph Edward Floren**
  joseph.floren@morganlewis.com

- **Sherli Furst**
  SFurst@RobinsKaplan.com

- **Tera Marie Heintz**
  theintz@morganlewis.com,dlang@morganlewis.com,ewoodward@morganlewis.com

- **Morgia Dampf Holmes**
  mholmes@robinskaplan.com

- **Peter Cooper Ihrig**
  pihrig@robinskaplan.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michael Stephan Kraut**
  mkraut@morganlewis.com,rschaffer-goldman@morganlewis.com,anna.goldenhersh@morganlewis.com,nymanagingclerk@morganlewis.com

- **Ashley Anelcha Krupski**
  akrupski@morganlewis.com

- **Arthur C. Leahy**
  artl@rgrdlaw.com,jillk@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Martin Richard Lueck**
  mlueck@robinskaplan.com,jaangell@robinskaplan.com

- **David E. Marder**
  DMarder@RobinsKaplan.com,KRichardson@RobinsKaplan.com,LDimillio@RobinsKaplan.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Kevin Papay**
  kevin.papay@morganlewis.com

- **Hillel Ira Parness**
  hip@hiplaw.com,hillel.parness@gmail.com

- **Steven W. Pepich**
  stevep@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com

- **Stacey Paige Slaughter**
  sslaughter@robinskaplan.com,mrud@robinskaplan.com

- **Benjamin Patrick Smith**
  bpsmith@morganlewis.com,dlang@morganlewis.com,rbohnet@morganlewis.com,ewoodward@morganlewis.com

- **Hillary B. Stakem**
  hstakem@rgrdlaw.com

- **Chelsea Walcker**
  cwalcker@robinskaplan.com,mschroeder@robinskaplan.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,e_file_sd@rgrdlaw.com,HDeshmukh@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`