USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROYAL PARK INVESTMENTS SA/NV,
Individually and on Behalf of All Others
Similarly Situated,

              Plaintiff,

-against-

U.S. BANK NATIONAL ASSOCIATION, as Trustee,

              Defendant.

Case No. 1:14-cv-02590-VM

(formerly No. 1:17-cv-06778-VM, as now consolidated with No. 1:14-cv-02590-VM)

---

**PRE-MOTION LETTER SEEKING INTERVENTION PURSUANT TO RULE 24 FOR NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT**

Dear Judge Marrero:

The National Credit Union Administration, as liquidating agent ("NCUA"), a federal agency, respectfully requests a pre-motion conference pursuant to this Court's Individual Practice II.A. NCUA seeks to intervene as of right pursuant to Rule of Civil Procedure 24(a)(2), or in the alternative to intervene by permission pursuant to Rule 24(b). Royal Park's complaint in No. 17-cv-06778-VM properly challenges U.S. Bank's unlawful raiding of trust funds that belong to investor beneficiaries in order to fund U.S. Bank's own defense costs against suits brought by those same beneficiaries. The indemnification provisions on which U.S. Bank relies preclude that result, which is squarely at odds with the American Rule that parties to a lawsuit do not pay each other's fees, and with the corollary that an indemnity provision will not be read to shift fees "unless the intention to do so is unmistakably clear from the language of the promise." *Hooper Assocs. v. AGS Comps.*, 74 N.Y.2d 487, 492 (N.Y. 1989). No such clarity exists here.

**Background.** NCUA holds numerous residential mortgage-backed securities ("RMBS") certificates in trusts for which U.S. Bank serves as trustee. By purchasing RMBS certificates, investors contracted directly with U.S. Bank, and the certificates expressly incorporate the terms of Pooling and Servicing Agreements ("PSAs") that contain the relevant indemnification provisions. *See, e.g.*, Dkt. 1-2 at 214 ("This Certificate is issued under and is subject to the terms, provisions and conditions of the [PSA], to which ... the Holder of this Certificate by virtue of the acceptance hereof assents and by which such Holder is bound."). It is well-established that interlocking agreements like the certificates and the PSAs they incorporate must be construed together. *See, e.g., Carvel Corp. v. Diversified Mgmt. Group, Inc.*, 930 F.2d 228, 233 (2d Cir. 1991) (construing "promissory notes ... executed for the sole purpose of making payments under [a] distributorship agreement" together "as a single contract").

Nothing in the PSA indemnity clauses gave "unmistakably clear" notice to investors that, by purchasing RMBS certificates, they would have to fund U.S. Bank's defense if they ever had to sue U.S. Bank for breach of contract, as investors like Royal Park and NCUA have done to recover billions of dollars in losses caused by the trustee's abdication of its fundamental duties. Indeed, such a provision would have made the certificates unmarketable, particularly if extended to any judgment, making it difficult or impossible for investors to vindicate their contractual rights against the trustee if doing so further depletes their trust funds. Moreover, U.S. Bank's position that *trust funds*, rather than investors, provide the indemnity is erroneous. A trust *fund* is essentially a bank account and is owned beneficially by the investors; it is not a contracting party capable of being an indemnitor. *See Natixis Real Estate Capital v. Natixis Real Estate Holdings*, 50 N.Y.S.3d 13, 17 (1st Dep't 2017) (RMBS trusts are "a legal fiction").

Royal Park's complaint concerns 21 RMBS trusts. NCUA holds certificates in two of those trusts named GPMF 2007-AR1 and WAMU 2007-OA2. Further, NCUA holds certificates or has beneficial interests in 24 other trusts from the same securitization shelves at issue here, named BAFC, GPMF, HEAT, MABS, MLMI, and WAMU, all having similar indemnity terms.[1]

---

[1] "'[S]helf registrations' ... are pre-approved registration statements that allow new securities to be issued upon filing of a prospectus supplement." *Fed. Hous. Fin. Agency v. Nomura Holding Am. Inc.*, 104 F. Supp. 3d 441, 552 (S.D.N.Y. 2015), *aff'd*, 873 F.3d 85 (2d Cir. 2017).

1

NCUA's proposed complaint pursuant to Rule 24(c) will be limited to the same GPMF 2007-AR1 and WAMU 2007-OA2 trusts already included in Royal Park's complaint. To avoid any burden to the Court or the parties, NCUA does not seek to add additional claims regarding the 24 additional trusts from the same shelves at issue in Royal Park's complaint. NCUA's intervention is limited to the case filed originally as No. 17-cv-06778, now consolidated.

**Argument.** NCUA meets the standard for "Intervention of Right" under Rule 24(a)(2), based on timeliness, an interest relating to the action, impairment, and inadequate representation.

*Timeliness.* NCUA seeks intervention pre-discovery and before filing of a motion to dismiss. Far longer delays are routinely held acceptable. *E.g., Peterson v. Islamic Repub. of Iran*, 290 F.R.D. 54, 57 (S.D.N.Y. 2013) ("six months"); *In re Tribune Co. Fraudulent Conveyance Litig.*, 291 F.R.D. 38, 41-2 (S.D.N.Y. 2013) (months-long delay); *New Jersey Carpenters Health Fund v. Residential Capital*, 2010 WL 5222127, at *2 (S.D.N.Y. 2010) (more than two years); *Home Ins. Co. v. Liberty Mut. Ins. Co.*, 1990 WL 188925, at *2 (S.D.N.Y. 1990) ("after this Court has granted partial summary judgment"). Intervention would not prejudice the parties, as NCUA does not seek to add new trusts and its inclusion would not require additional discovery or delay proceedings. Intervention will reduce litigation burdens and the burden on judicial resources, because the alternative is for NCUA to file a separate action involving more trusts. *See Chen-Oster v. Goldman, Sachs & Co.*, 2015 WL 4619663, at *9 (S.D.N.Y. 2015) (intervention as of right where defendants would face the same burden if intervention were denied and applicants filed a new action, "as they would inevitably do"). NCUA would be prejudiced if U.S. Bank were to prevail in its absence: U.S. Bank would continue using trust funds for its costs in Royal Park's action, and NCUA's ability to litigate that issue may be constrained by *stare decisis*. *See Oneida Indian Nation of Wisconsin v. State of New York*, 732 F.2d 261, 265 (2d Cir. 1984) (reversing denial of intervention of right given potential adverse affect "at least by principles of *stare decisis*"); *Home Ins.*, 1990 WL 188925, at *5 (intervention of right where applicant might have to seek an inconsistent ruling).

*NCUA's Interest.* NCUA's interest in *two of the same trusts* at issue in Royal Park's case is *greater* than is required by Rule 24(a)(2), under which an applicant may intervene of right where it "claims an interest relating to the property or transaction" at issue. NCUA's direct holdings in two of the same trusts at issue are independently sufficient for intervention of right.

Further, NCUA's interest in 24 additional trusts from the same securitization shelves are interests "relating to" the trusts in Royal Park's complaint. Judge Baer granted intervention of right to investors in trusts from an HVMLT securitization shelf where the named plaintiffs pursued claims on different trusts from the same shelf, finding a "direct, substantial and legally protectable interest" in RMBS offerings "made pursuant to offering documents that were common to the offerings in which existing plaintiffs purchased the securities that give rise to their existing claims." *New Jersey Carpenters*, 2010 WL 5222127, at *4.

*Impairment.* NCUA's interests would be impaired for the same reasons noted above regarding timeliness and because funds beneficially owned by NCUA would impermissibly be used for indemnity in Royal Park's case. *See In re Bear Stearns*, 297 F.R.D. 90, 97 (S.D.N.Y. 2013) (intervention based on interest in common funds); *Export-Import Bank of China v. Grenada*, 2013 WL 4414875, at *5 (S.D.N.Y. 2013) (intervention to avoid payment constraints).

2

*Inadequate representation.* Rule 24(a)(2)'s "minimal" non-representation requirement "is satisfied" because representation of NCUA's interest "*may be* inadequate." *Dow Jones & Co. v. U.S. Dep't of Justice*, 161 F.R.D. 247, 254 (S.D.N.Y. 1995) (Sotomayor, J.) (emphasis added) (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 540 n.10 (1972)).[2] NCUA meets this requirement in three ways. *First*, as a federal agency, NCUA has broader interests than Royal Park that are rooted in the public interest. *Second*, "intervention is commonly granted to absent class members." *Chen-Oster*, 2015 WL 4619663, at *4; *see also Bear Stearns*, 297 F.R.D. at 97 (inadequate representation where "other members of the class likely would prefer to exclude [proposed intervenor] since that would increase [their] payout"); *Jakubik v. Schmirer*, 2013 WL 3465857, at *2 (S.D.N.Y. 2013) (allowing intervention because intervenor "has her own interests and perspective"). *Third*, NCUA's interests extend beyond the trusts at issue here, and Royal Park has no incentive to assert broader application of its arguments to the shelf level, whereas NCUA does.

*Permissive intervention.* In the alternative and for similar reasons, the Court should grant permissive intervention. NCUA's motion is timely as discussed above. *See* Rule 24(b). Further, NCUA raises "common question[s] of law or fact" based on overlapping trusts, *id.*, and will "significantly contribute to the full development of the [record]." *Chen*-Oster, 2015 WL 4619663, at *5. NCUA will highlight longstanding common law under which trust funds cannot, as a matter of law, be an indemnitor because investor trust beneficiaries, which own equitable title to trust funds, are the economic source of the trustee's sought-after indemnity. NCUA will further develop those principles based on longstanding trust law in the context of the *Hooper* line of cases, none of which has yet addressed fee-shifting indemnification by giving consideration to the context of a trust in which investors — but not the trust or its trustee — own equitable or beneficial title to trust funds. *See Natixis*, 50 N.Y.S.3d at 17 (an RMBS trustee "holds the asset for the benefit of the certificate holders (who are the beneficiaries of the trust)"). Further, NCUA will develop the record on the fact that investor trust beneficiaries enter contracts with the trustee via RMBS certificates which incorporate the PSAs into those contracts, reinforcing the conclusion that certificateholders are first-party indemnitors for purposes of the analysis mandated by New York's highest court in *Hooper*.[3]

---

[2] Rule 24 shifts the burden of persuasion by requiring intervention "*unless* existing parties adequately represent" the moving party's interests. Fed. R. Civ. P. 24(a)(2) (emphasis added); *see* 7C Wright *et al.*, Fed. Prac. & Proc. Civ. § 1909 (3d ed.) ("the effect of [adding the word "unless"] is to shift the burden of persuasion"). Once the movant makes its minimal showing, *United States Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978), the "burden of persuasion to demonstrate adequacy … falls on the party opposing intervention," *CBS Inc. v. Snyder*, 136 F.R.D. 364, 368 (S.D.N.Y. 1991); *Miller v. Silbermann*, 832 F. Supp. 663, 672 (S.D.N.Y. 1993); *Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, 1996 WL 346352, at *2 (S.D.N.Y. 1996); *United States v. AT&T*, 642 F.2d 1285, 1293 (D.C. Cir. 1980).

[3] NCUA set out these arguments in a brief *amicus curiae* that Judge Nathan of this District authorized to be filed in *Royal Park v. Deutsche Bank*, No. 17-cv-05916 (Dkt. 43). Subsequently, a New York Supreme Court judge agreed with the trustee's position on indemnity in a hasty oral ruling issued with no written opinion and by refusing even to consider the arguments described above that NCUA sought to advance as *amicus curiae*. In any event, because NCUA is entitled to intervention here as of right, consideration of whether it should be relegated to *amicus* status is irrelevant. *Cf. Russell v. Plumbing Exam*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999) (noting that *amicius* "could have sought intervention").

3

Respectfully submitted,

*[signature]*

Scott K. Attaway
*Counsel for National Credit Union Administration Board, as Liquidating Agent*

cc: Counsel of record (via Electronic Mail)

---

The parties are directed to respond by 12-22-17 . by letter not to exceed three (3) pages, to the matter set forth above by NCUA , showing cause why the relief requested should not be granted.

**SO ORDERED.**

12-19-17
DATE                VICTOR MARRERO, U.S.D.J.

4