

**Robbins Geller Rudman & Dowd LLP**

Atlanta  Melville  Philadelphia  San Francisco
Boca Raton  New York  San Diego  Washington, DC

Darryl J. Alvarado
dalvarado@rgrdlaw.com

December 15, 2017

The Honorable Victor Marrero   VIA OVERNIGHT DELIVERY
U.S.D.C., Southern District of New York
500 Pearl Street, Suite 1040
New York, NY 10007-1312

    Re:  *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, No. 1:14-cv-02590-VM-RWL

Dear Judge Marrero:

    I write on behalf of Royal Park Investments SA/NV ("Royal Park") to alert the Court to recent authority in support of Royal Park's Rule 72 objections to and motion to set aside Judge Francis's order concerning Royal Park's motion to strike the advice of counsel defense (*see* ECF Nos. 328, 336).

    As explained in Royal Park's objection and reply thereto, Magistrate Judge Netburn recommended that HSBC Bank USA N.A.'s ("HSBC") advice of counsel defense be stricken after it failed to assert it by the court-ordered deadline (stating instead, like U.S. Bank purports to do here, that it was "reserv[ing] all rights" to amend its position later). *See Royal Park Invs. SA/NV v. HSBC Bank USA, N.A.*, No. 14-cv-8175 (LGS)(SN), 2017 U.S. Dist. LEXIS 70989, at *28-*30 (S.D.N.Y. May 8, 2017).

    On December 14, 2017, Judge Schofield adopted, over HSBC's objection, Magistrate Judge Netburn's order, thereby striking the defense. *See Royal Park Invs. SA/NV v. HSBC Bank USA, N.A.*, No. 14-cv-8175 (LGS)(SN), Order (S.D.N.Y. Dec. 14, 2017) (ECF No. 442) ("Order"), attached hereto as Exhibit A. In so holding, Judge Schofield found that because HSBC "failed to seek reconsideration of or object" to the court-ordered deadline to assert or waive the defense and "likewise failed to seek an extension of the deadline or leave to 'reserve' the right to assert any such defense after the deadline," HSBC "has waived the opportunity and is bound to comply." *Id.* at 3.

    Similarly, here, U.S. Bank neither asserted the defense by the August 15, 2017 deadline nor objected to the *two* orders directing it to either assert or waive the defense by August 15, 2017. *See* ECF Nos. 273, 304. Accordingly, the Order further supports striking U.S. Bank's advice of counsel defense in this action.

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiff.

SO ORDERED.

12-19-17
DATE   VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

DARRYL J. ALVARADO

cc: All Counsel (w/encl.)

1338986_1
655 West Broadway, Suite 1900   San Diego, CA 92101   Tel 619 231 1058   Fax 619 231 7423   rgrdlaw.com

U.S. BANK TRUSTEE RPI
Service List - 12/15/2017  (14-0060)
Page 1 of 2

**Counsel for Defendant(s)**

Michael S. Kraut
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY  10178-0060
   212/309-6000
   212/309-6273(Fax)

Benjamin P. Smith
Tera Marie Heintz
Morgan, Lewis & Bockius LLP
Spear Street Tower
One Market Plaza, 23rd Floor
San Francisco, CA  94105
   415/442-1000
   415/442-1001(Fax)

Hillel I. Parness
Parness Law Firm, PLLC
136 Madison Avenue, 6th Floor
New York, NY  10016
   212/447-5299
   646/722-3301(Fax)

Stacey P. Slaughter
Todd Klukow
Martin R. Lueck
Robins Kaplan LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
   612/349-8500
   612/339-4181(Fax)

Sherli Furst
Robins Kaplan LLP
399 Park Avenue, Suite 3600
New York, NY  10022
   212/980-7400
   212/980-7499(Fax)

David E. Marder
Morgia D. Holmes
Robins Kaplan LLP
800 Boylston Street, Suite 2500
Boston, MA  02199
   617/267-2300
   617/267-8288(Fax)

**Counsel for Plaintiff(s)**

Samuel H. Rudman
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173(Fax)

U.S. BANK TRUSTEE RPI
Service List - 12/15/2017  (14-0060)
Page 2 of 2

Arthur C. Leahy
Steven W. Pepich
Lucas F. Olts
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
  619/231-1058
  619/231-7423(Fax)

Christopher M. Wood
Robbins Geller Rudman & Dowd LLP
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
  615/244-2203
  615/252-3798(Fax)

# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROYAL PARK INVESTMENTS SA/NV,        :
                      Plaintiff,     :
              -against-              :
HSBC BANK USA, N.A.,                 :        14 Civ. 8175 (LGS)
                      Defendant.     :
------------------------------------------------------------X            ORDER

------------------------------------------------------------X
BLACKROCK BALANCED CAPITAL           :
PORTFOLIO (FI), et al.,              :
                      Plaintiffs,    :
              -against-              :        14 Civ. 9366 (LGS)
HSBC BANK USA, N.A.,                 :
                      Defendant.     :
------------------------------------------------------------X
------------------------------------------------------------X
PHOENIX LIGHT SF LIMITED, et al.,    :
                      Plaintiffs,    :
              -against-              :
HSBC BANK USA, N.A.,                 :        14 Civ. 10101 (LGS)
                      Defendant.     :
------------------------------------------------------------X
------------------------------------------------------------X
NATIONAL CREDIT UNION                :
ADMINISTRATION BOARD, et al.,        :
                      Plaintiffs,    :
              -against-              :        15 Civ. 2144 (LGS)
HSBC BANK USA, N.A.,                 :
                      Defendant.     :
------------------------------------------------------------X
------------------------------------------------------------X
COMMERZBANK AG,                      :
                      Plaintiff,     :
              -against-              :
HSBC BANK USA, N.A.,                 :        15 Civ. 10032 (LGS)
                      Defendant.     :
------------------------------------------------------------X
------------------------------------------------------------X
TRIAXX PRIME CDO 2006-1, Ltd., et al.,:
                      Plaintiffs,    :
              -against-              :
HSBC BANK USA, N.A.,                 :        15 Civ. 10096 (LGS)
                      Defendant.     :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/14/17

LORNA G. SCHOFIELD, District Judge:

Certificateholders of RMBS trusts are suing trustee HSBC Bank USA, N.A. ("HSBC") for violations of the agreements outlining HSBC's obligations as trustee. HSBC seeks to reserve the right to assert an advice of counsel defense in these coordinated actions. In a Report and Recommendation dated May 8, 2017 (the "R&R"), Magistrate Judge Netburn recommended striking this affirmative defense from HSBC's answers in these coordinated actions. HSBC objects. For the following reasons, HSBC's objections are overruled, and Judge Netburn's recommendation is adopted.

I.  **BACKGROUND**

On November 10, 2016, Plaintiff moved to compel HSBC to respond to an interrogatory concerning its advice of counsel defense. In response, HSBC argued that the interrogatory was premature because Plaintiffs had not to date identified "loan-level breaches and specific Events of Default," and that "[o]nly after a plaintiff identifies its specific claims can a defendant determine whether it even received advice related to those claims." On November 17, 2016, Judge Netburn ordered HSBC to "decide whether it intends to assert an advice of counsel defense by January 27, 2017," "[r]egardless . . . of the plaintiffs' ability to identify specific information about the loan-level breaches and/or Events of Default." HSBC neither objected to the Order nor sought an extension of the deadline. In an Order dated January 26, 2017, Judge Netburn "remind[ed] HSBC of its obligation to notify plaintiffs whether it intends to assert the defense by January 27, 2017, regardless of whether plaintiffs are able to identify specific loan-level breaches." On January 27, 2017, HSBC wrote to Plaintiffs, "at this time HSBC does not intend to raise an advice of counsel defense." HSBC purported to "reserve all rights" to raise an advice of counsel defense as to specific breaches Plaintiffs may identify at a later date. Plaintiffs moved to strike HSBC's affirmative defense from its answers on April 6, 2017. Judge Netburn recommended granting the motion on May 8.

2

## II.  LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (internal quotation marks omitted) (citing Fed. R. Civ. P. 72(b)). The court must undertake a de novo review of any portion of the report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). The court may then accept, reject, or modify in whole or in part recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C); *Trs. of the Mason Tenders, Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Faulkner*, 484 F. Supp. 2d 254, 257 (S.D.N.Y. 2007).

## III.  DISCUSSION

As Judge Netburn explained in the R&R, HSBC is time-barred from raising an advice of counsel defense. Judge Netburn ordered HSBC to make a final determination as to any advice of counsel defense by January 27, 2017. HSBC failed to seek reconsideration of or object to the Order. HSBC likewise failed to seek an extension of the deadline or leave to "reserve" the right to assert any such defense after the deadline. Because HSBC did not seek any such relief at the appropriate time, it has waived the opportunity and is bound to comply. *See* Loc. Civ. R. 6.3 (14-day deadline to file a motion for reconsideration); *Harty v. Spring Valley Marketplace LLC*, No. 15 Civ. 8190, 2016 WL 8710480, at *2 (S.D.N.Y. Jan. 22, 2016) (untimely requests for reconsideration warrant denial); Fed. R. Civ. P. 72(a) (As to nondispositive matters, a "party may

3

not assign as error a defect in the order not timely objected to."); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (As to dispositive matters, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 517 (S.D.N.Y. 2013) ("Parties who fail to object to a magistrate's ruling within 14 days waive their opportunity to challenge that ruling.").

## IV. CONCLUSION

For the reasons above, Defendants' objections are **OVERRULED**, and the R&R is **ADOPTED**.

The Clerk of Court is respectfully directed to close the motions at 14 Civ. 8175, Docket No. 352; 14 Civ. 9366, Docket No. 375; 14 Civ. 10101, Docket No. 261; 15 Civ. 2144, Docket No. 264; 15 Civ. 10032, Docket No. 219; and 15 Civ. 10096, Docket No. 167.

Dated: December 14, 2017
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　_/s/ Lorna G. Schofield_
　　　　　　　　　　　　　　　　　　　　　　LORNA G. SCHOFIELD
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE