# Morgan Lewis

**Benjamin P. Smith**
Partner
+1.415.442.1289
bpsmith@morganlewis.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1|3|18
```

December 22, 2017

**VIA FACSIMILE**

The Honorable Victor Marrero
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Royal Park Investments SA/NV v. U.S. Bank National Association*
      Case No. 1:14-cv-02590-VM-RWL

Dear Judge Marrero:

On behalf of Defendant U.S. Bank National Association, as trustee, ("U.S. Bank"), we write to oppose the request of the National Credit Union Administration as Liquidating Agent ("NCUA") to intervene in this nearly four-year old action. Dkt. 350. NCUA fails to demonstrate, as it must, that (1) its motion is timely, (2) disposition of this case absent NCUA's presence will impair its ability to protect its interests, and (3) NCUA's interest is not adequately represented by Royal Park ("RPI"), the putative class plaintiff. *MasterCard Intern. Inc. v. Visa Intern. Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).

First, NCUA's motion is untimely. Although NCUA claims that its intervention is "limited to the case filed originally as No. 17-cv-06778," that case is closed and has been consolidated for all pretrial purposes with action No. 14-cv-02590.[1] As a result, NCUA seeks to intervene in a four-year old case where document and deposition discovery are closed, class certification briefing is complete, and the parties (and court) have already agreed that substantive pleading changes will not reopen discovery. *See* Dkt. 241 (endorsed letter reflecting parties' and Court's agreement that RPI's "supplemental" complaint adding additional claims against U.S. Bank would not reopen discovery or extend discovery deadlines); *Wiley*, 315 F.R.D. at 173 ("where a grant of a motion to intervene would require further discovery, a court may properly deny the motion.").

---

[1] In its consolidation order, this Court noted "that the complaints describe the same or substantially similar underlying events and operative facts, and assert claims arising out of the same or substantially similar actions against the same defendant . . . ." *See* 1:17-cv-06778-VM, Dkt. 13. Thus, the operative complaint, for measuring timeliness, should be the complaint filed in 2014. *See Wiley v. Book Dog Books, LLC*, 315 F.R.D. 169, 173 (S.D.N.Y. 2016) ("filing of the [SAC] is irrelevant to the issue of timeliness . . . as it was filed after discovery was closed and added no new claims to the [FAC]. The delay here was thus not justified.").

**Morgan, Lewis & Bockius LLP**

One Market
Spear Street Tower
San Francisco, CA 94105-1596     ☎ +1.415.442.1000
United States                     ✆ +1.415.442.1001

Hon. Victor Marrero
December 22, 2017
Page 2

Further, NCUA has been active in RMBS litigation in the Southern District for *years*, and has previously filed *amicus* briefs on the issue of trustee indemnification (which Judge Ramos of the New York Supreme Court has already resolved in favor of trustees). *See Royal Park v. Deutsche Bank*, Case No. 1:17-cv-05916-AJN, Dkt. 43. Further, in 2014, NCUA also brought its own lawsuit against U.S. Bank regarding the GPMF 2007-AR1 and WAMU 2007-OA2 trusts, which is now on appeal following NCUA's voluntary dismissal of claims regarding these trusts *with prejudice*. *See NCUA v. U.S. Bank National Assn., et. al.*, Case No. 14-cv-9928-PAE, Dkt. 1, 1-2, 120, 180, and 188. Thus, any claims NCUA might like to assert here are barred by *res judicata*. *Waldman v. Village of Kiryas Joel*, 39 F.Supp.2d 370, 381 (S.D.N.Y. 1999) (voluntary dismissal is adjudication on the merits). In any event, NCUA provides no explanation for its delay in challenging U.S. Bank's contractual right to indemnification, no explanation for its failure to resolve its indemnification concerns in its own lawsuit regarding the same trusts, and no explanation as to why intervention is now necessary.[2] *See* Dkt. 350 at n. 3; *MasterCard*, 471 F.3d at 390 (where intervener has known of position for approximately five months before filing motion to intervene, delay is not justified). There is no such explanation.

Second, NCUA has not and cannot demonstrate a "direct, substantial, and legally protectable" interest in this action. *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1999). Indeed, to establish such an interest, NCUA must demonstrate that it is a necessary party. *MasterCard*, 471 F.3d at 389 ("[I]f party is not 'necessary' under Rule 19(a), then it cannot satisfy the test for intervention as of right under Rule 24(a)(2)."). NCUA cannot seriously claim to be "necessary" to this action, as this case has proceeded for nearly four years without it.

NCUA admits that its proposed complaint "will be limited to the same GPMF 2007-AR1 and WAMU 2007-OA2 trusts *already included* in RPI's complaint." Dkt. 350 at 2 (emphasis added). Thus, NCUA's presence will add nothing, as RPI already claims to represent "all current and former investors who held RMBS certificates in the Covered Trusts [including GPMF-2007-AR1 and WAMU-2007-OA2] during the time when U.S. Bank improperly paid for its legal fees and costs in the Litigation from the Covered Trusts' assets and were damaged as a result." Case No. 17-cv-06778, Dkt. 1 at ¶ 35.

NCUA claims to have "broader interests" than RPI given its status as a "federal agency" purportedly tasked with looking out for the "public interest." But, NCUA does not seek to intervene as a federal agency. Instead, it seeks to intervene as a private liquidating agent using private counsel to whom it has already paid some portion of $1 billion in contingency fees. *See* "2 Firms Rake in $1B in Fees From NCUA's MBS Suits," *Law360*, Oct. 20, 2016. In other litigation brought by NCUA, NCUA has repeatedly and adamantly stressed that it is not bringing suit as a federal agency because, in fact, it is not. *See, e.g., NCUA v. HSBC Bank USA, Nat'l Ass'n*, Case No. 1:15-cv-02144-LGS-SN, Dkt. 149 at 1, n. 1 (S.D.N.Y. Mar. 20, 2015). As a

---

[2] All of the cases cited by NCUA in support of its timeliness argument are distinguishable. For example, *Peterson v. Islamic Rep. of Iran*, 290 F.R.D. 54 (S.D.N.Y. 2013), required that the movants first comply with the Foreign Sovereign Immunities Act before moving to intervene, after which, the movants sought to intervene four days after satisfying the requirements.

Hon. Victor Marrero
December 22, 2017
Page 3

private litigant seeking the same recovery as RPI regarding the same trusts, NCUA cannot have any "broader interests" than RPI.

NCUA also suggests that it holds an interest "in 24 additional trusts from the same securitization shelves at issue here." Dkt. 350 at 1. This shows nothing, as NCUA represents that its proposed complaint will be limited to two trusts "already included in RPI's complaint." Dkt. 350 at 2. That NCUA may hold interests in additional trusts from the same "shelf" as trusts in RPI's complaint is irrelevant because these unspecified trusts are not a source of the complained-of indemnification. NCUA cannot show that it is a necessary party to this action, or that it will suffer harm if not allowed to intervene.

Finally, NCUA fails to demonstrate that its interests cannot be adequately represented by RPI, and instead simply suggests that RPI's representation of its interests "may be" inadequate. NCUA applies the wrong standard and, in any event, never bothers to identify how its interests "may be" compromised.

The Second Circuit demands "a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective. Where there is an identity of interest, . . . the movant to intervene must rebut the presumption of adequate representation by the party already in the action." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179-80 (2d Cir. 2001) (citations omitted). Here, NCUA admits that it seeks to bring suit on the same grounds as RPI regarding two of the same trusts. The interests of NCUA and RPI are identical. Despite this, NCUA does not even attempt to rebut the presumption that RPI adequately represents its interests.

To overcome the presumption that its interests are adequately represented by RPI, NCUA would be required to present evidence of collusion, adversity of interest, nonfeasance, or incompetence. *Butler*, 250 F.3d at 180. Because NCUA does not prove or even allege any of these factors, the presumption of adequate representation remains and NCUA's requested intervention should be denied.

Permissive intervention should be denied because NCUA's motion is untimely (*United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 74 (2d Cir. 1994), and NCUA's proposed intervention will simply add more lawyers asserting the same claims to the mix. *In re Ambac Fin. Group, Inc., Derivative Litig.*, 257 F.R.D. 390, 394 (S.D.N.Y. 2009) (denying permissive intervention given disinclination "to add to the fulsome number of attorneys handling this matter, lest the number become excessive."). The addition of parties and attorneys "always take additional time[,] ... [as] they are the source of additional questions, objections, briefs, arguments, motions and the like which tend to make the proceedings a Donnybrook Fair," *i.e.*, a brawl or riot. *British Airways Bd. v. Port Authority of New York & New Jersey*, 71 F.R.D. 583, 585 (S.D.N.Y. 1976) (citation omitted). There are already eleven attorneys of record for RPI and the class in this matter; additional attorneys seeking the exact same relief is unnecessary. NCUA should not be permitted to intervene in this action.

Hon. Victor Marrero
December 22, 2017
Page 4

Respectfully submitted,

*/s/ Benjamin P. Smith*

Benjamin P. Smith

cc:   Counsel of Record (via e-mail)

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *Defendant*.
>
> SO ORDERED.
>
> 1-3-18
> DATE    VICTOR MARRERO, U.S.D.J.

DB1/ 94875580.2