USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED  1-8-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROYAL PARK INVESTMENTS SA/NV,
individually and on behalf of all others similarly
situated,

                                    Plaintiff,

                    - against -

U.S. BANK NATIONAL ASSOCIATION, as
Trustee,

                                    Defendants.
----------------------------------------------------------X

14 Civ. 2590 (VM) (RWL)

**MEMORANDUM
AND ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Up until October 30, 2017, the Honorable James C. Francis IV was the Magistrate

Judge assigned to this residential mortgage backed security ("RMBS") case.  After an

estimable career, Judge Francis retired at the end of October 2017, soon after which this

action was referred to me.  The Defendant, U.S. Bank National Association ("U.S. Bank"),

now requests that I consider "withdrawing" from the case based on my prior experience

litigating RMBS cases.  For the reasons set forth below, U.S. Bank's application is denied.

<u>Background</u>

This case was filed in 2014 and assigned to the Honorable Victor Marrero, U.S.D.J.

On September 8, 2015, Judge Marrero referred the case to Judge Francis for general

pretrial supervision.  (Dkt. 49.)  Judge Francis retired as of October 28, 2017.  I

commenced my term as a Magistrate Judge on October 30, 2017, at which point this case

was reassigned to me.[1]  (Dkt. entry dated October 31, 2017.)  By the time he retired,

_____

[1] On September 12, 2017, Judge Marrero issued an amended order of reference
additionally assigning a sanctions motion to Judge Francis for purposes of issuing a
Report and Recommendation.  (Dkt. 312.)  Judge Francis disposed of that motion on

1

Judge Francis had ruled on a number of discovery disputes in this case, but some issues remained, and continue to remain, open for future resolution. The fact discovery deadline of June 2, 2017, has passed (*see* Dkt. 170), while expert discovery has been deferred until resolution of whether sampling of loans (rather than loan-by-loan analysis) may be used in this case to prove liability or damages (Dkt. 301).

Before being appointed Magistrate Judge, I was a partner at the law firm of Patterson Belknap Webb & Tyler LLP and practiced litigation. I started as an associate at Patterson Belknap in 1989 and spent my career there until the end of October 2017. I represented many different clients in an array of industries, including, among others, pharmaceuticals, medical devices, consumer products, quick-serve restaurants, rental cars, greeting cards, soft drinks, music, and entertainment. My practice largely concentrated on false advertising, intellectual property disputes, licensing disputes, and commercial litigation. From 2000 to before or about 2016, I also litigated RMBS cases on behalf of certain financial guaranty insurers against issuers and sponsors of RMBS securities.[2] Among other issues, I advocated in favor of using sampling on behalf of the plaintiff insurers I represented.

---

October 19, 2017. (Dkt. 332.) The October 31, 2017 docket entry reassigning the case to me reads as follows: "The referral in the above entitled action has been reassigned to Magistrate Judge Robert W. Lehrburger, for Dispositive Motion (i.e., motion requiring a Report and Recommendation). Magistrate Judge James C. Francis no longer referred to the case." Although the entry for reassignment refers only the dispositive motion referral, the case has been reassigned to me for pretrial proceedings.

[2] Most of my RMBS work was done on behalf of the financial insurer Assured Guaranty Corp. and its related companies, including Assured Guaranty Municipal Corp, which had acquired the insurer Financial Security Assurance Inc. The primary defendants in the RMBS cases I litigated were DB Structured Products, Inc. (an entity affiliated with Deutsch Bank), and GreenPoint Mortgage Funding, Inc. *See, e.g., Assured Guaranty Municipal Corp. v. DB Structured Products, Inc.*, Index No. 650705/2010 (N.Y. Sup. Ct.) (case

On January 2, 2018, U.S. Bank filed a letter asking me to "consider whether it is appropriate for Your Honor to withdraw as the magistrate judge assigned to this case or take other action Your Honor may deem appropriate." (Dkt 353 at 3.) U.S. Bank makes its request under 28 U.S.C. § 455(a), which provides that a magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[3]  U.S. Bank suggests that this standard is met because (1) I previously litigated RMBS cases on behalf of plaintiffs advocating positions on issues, such as sampling, that are likely to arise in this case, and (2) my former firm currently represents an insurer against U.S. Bank as an RMBS trustee in *Ambac Assurance Corp. v. U.S. Bank National Association*, No. 17 Civ. 2614 (S.D.N.Y.).  I had no involvement in the *Ambac* case when I was at Patterson Belknap.

On January 5, 2018, Plaintiff Royal Park Investments SA/NV filed a letter contending that none of the arguments asserted by U.S. Bank meet the standard required for recusal and that U.S. Bank is engaged in "judge shopping." (Dkt. 357.)

<u>Legal Framework</u>

"The Second Circuit has made clear that '[t]he judge presiding over the case is in the best position to appreciate the implications of those matters alleged in a recusal motion.'"  *Fifty-Six Hope Road Music Ltd. v. UMG Recordings, Inc.*, No. 08 Civ. 6143,

---

terminated in 2014).  I also assisted with RMBS litigation where the defendant was EMC Mortgage LLC (J.P. Morgan had acquired Bear Stearns, which had acquired EMC).  *See Assured Guaranty Corp. v. EMC Mortgage LLC*, No. 12 Civ. 1945 (S.D.N.Y.) (case terminated in 2013).

[3] More specific, alternative grounds for recusal are set forth in 28 U.S.C. § 455(b), such as bias, prejudice, financial interest, and prior legal representation.  U.S. Bank does not contend that my recusal is warranted under § 455(b).

2011 WL 6153708, at *3 (S.D.N.Y. Dec. 7, 2011) (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). The test for recusal under 28 U.S.C. § 455(a) is whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal or alternatively, whether a reasonable person, knowing all the facts, would question the judge's impartiality." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks omitted) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)).

"A judge's prior representation of one of the parties in a proceeding . . . does not automatically warrant disqualification." *Lovaglia*, 954 F.2d at 815. "Nor does a judge's prior experience in the pertinent area of law justify his recusal." *Biro v. Conde Nast*, No. 11 Civ. 4442, 2011 WL 5109445, at *1 (S.D.N.Y. Oct. 27, 2011) (citing *In re Billedeaux*, 972 F.2d 104, 106 (5th Cir. 1992)); *accord Fifty-Six Hope Road Music*, 2011 WL 5825321, at *1 (citing *Cipollone v. Liggett Group, Inc.*, 802 F.2d 658, 659 (3d Cir. 1986)).

"The [Second Circuit] has cautioned that . . . the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *Barnett v. United States*, No. 11 Civ. 2376, 2012 WL 1003594, at *1 (S.D.N.Y. March 26, 2012) (internal quotation marks omitted) (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)). Where the standards governing disqualification are not met, "disqualification is not optional; rather, it is prohibited." *In re Aguinda*, 241 F.3d at 201; *see also In re Drexel Burnham Lambert*, 861 F.2d at 1312 ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.").

Discussion

The circumstances of this case do not meet the standard required to warrant recusal. None of the parties in this case were parties in the RMBS cases I litigated. The parties' roles are not even the same. Royal Park is suing as an investor, not an insurer (such as were the Assured Guaranty entities I represented), and U.S. Bank has been sued in its capacity as trustee of securitizations, not as an issuer or sponsor (as were DB Structured Products and EMC Mortgage). Moreover, none of the securitizations that are at issue in the present case were at issue in the RMBS cases I litigated. And, as indicated earlier, I had no involvement in the 2017 *Ambac* case that my former firm is litigating against U.S. Bank.

The fact that I have litigated RMBS cases on behalf of plaintiffs addressing the same or similar issues that are likely to arise in this case also provides no basis for recusal. "Courts have uniformly rejected the notion that a judge's previous advocacy for a legal, constitutional, or policy position is a bar to adjudicating a case, even when that position is directly implicated in the case before the court." *Carter v. West Publishing Company*, No. 99-11959-EE, 1999 WL 994997, at *9 (11th Cir. Nov. 1, 1999) (citing cases and observing that even Supreme Court justices have declined to recuse where, as legislators, they previously helped draft the laws coming before them as justices). District judges of this court have come to the same conclusion. *Fifty-Six Hope Road Music*, 2011 WL 5825321, at *2 (denying recusal where judge had prior experience litigating digital music issues); *Biro*, 2011 WL 5109445, at *2 (denying recusal where judge had experience litigating defamation cases on behalf of large media companies).[4]

---

[4] U.S. Bank has cited no contrary case law, nor any case where a judge recused him or

As the Third Circuit Court of Appeals has aptly noted, "[i]f judges could be disqualified because their background in the practice of law gave them knowledge of the legal issues which might be presented in cases coming before them, then only the least-informed and worst-prepared lawyers could be appointed to the bench." *Cipollone*, 802 F.2d at 659-60.  Both *Biro* and *Fifty-Six Hope Road Music* embraced this observation as well.  And rightly so.  Were it otherwise, no Assistant United States Attorney who prosecuted narcotics criminals could become a judge presiding over criminal narcotics cases, and no personal injury lawyer could become a judge presiding over tort cases. "There is no basis to believe my 'impartiality might reasonably be questioned' simply because I am knowledgeable about certain aspects of the [RMBS] industry or [RMBS, sampling and other] issues more generally."  *See Fifty-Six Hope Road Music*, 2011 WL 5825321, at *2.

In short, U.S. Bank has not met the standard for recusal.  Therefore, I have the obligation not to recuse myself.  *See In re Aguinda*, 241 F.3d at 201; *In re Drexel Burnham Lambert*, 861 F.2d at 1312; *see also Thomas v. Trustees for Columbia University*, 30 F. Supp. 2d 430, 431 (S.D.N.Y. 1998) (a judge must not disqualify him or herself unnecessarily, or else "litigants would be encouraged to advance speculative and ethereal arguments for recusal and thus arrogate to themselves a veto power over the assignment of judges").

---

herself based on having previously litigated the same or similar issues coming before the court, or based on having represented parties taking positions adverse to the party seeking recusal.

Conclusion

As U.S. Bank requested, I have "consider[ed]" whether my "withdrawal" – that is, recusal – is warranted.  As set forth above, it is not.  U.S. Bank's request for recusal is denied.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:      January 9, 2018
            New York, New York

Copies transmitted to all counsel of record.

7