# Morgan Lewis

**Benjamin P. Smith**
Partner
+1.415.442.1289
bpsmith@morganlewis.com

March 5, 2018

**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18D
New York, NY  10007-1312

Re:     *Royal Park Investments SA/NV v. U.S. Bank National Association*
         Case No. 1:14-cv-02590-VM-JCF

Dear Judge Lehrburger:

On behalf of U.S. Bank National Association ("U.S. Bank"), we write to renew U.S. Bank's motion for a protective order to preclude Royal Park Investments SA/NV ("RPI") from using statistical sampling and re-underwriting of a sample of loans ("sampling") to attempt to establish liability and/or damages in this case.  Dkt. 221.  To date, every court and judge that has addressed this issue has found that sampling cannot aid in establishing liability or damages in this type of case and thus precluded sampling-related discovery.[1]

By way of background, and in its April 2017 motion for a protective order, U.S. Bank argued, on the basis of two decisions by Magistrate Judge Netburn, that sampling cannot prove liability or damages on a loan-by-loan basis, as is required, and therefore sampling-related discovery is disproportionate to the needs of this case.  Dkt. 221.  RPI opposed U.S. Bank's motion, arguing in part that it was premature because Magistrate Judge Netburn's decisions were under review by Judge Failla and Judge Schofield.  Dkt. 220.  On June 1, 2017, Judge Francis denied U.S. Bank's motion for a protective order "without prejudice to

---

[1] *See Blackrock Allocation Target Shares v. Wells Fargo Bank, N.A.*, No. 1:14-cv-9371-KPF-SN, 2017 WL 953550 (S.D.N.Y. Mar. 10, 2017) ("*Blackrock Opinion*"); *Blackrock Allocation Target Shares v. Wells Fargo Bank, N.A.*, No. 1:14-cv-9371-KPF-SN, 2017 WL 3610511 (S.D.N.Y. Aug. 21, 2017) ("*Blackrock Order*" affirming the *Blackrock Opinion*); *Royal Park SA/NV v. HSBC Bank USA Nat'l Ass'n*, No. 1:14-cv-08175-LGS-SN, 2017 WL 945099 (S.D.N.Y. Mar. 10, 2017) ("*HSBC Opinion*"); *Royal Park SA/NV v. HSBC Bank USA Nat'l Ass'n*, No. 1:14-cv-09366-LGS-SN, Order, Dkt. 483 (S.D.N.Y. Feb. 23, 2018) ("*HSBC Order*" affirming the *HSBC Opinion*); *see also The Western & Southern Life Ins. Co. v. Bank of New York Mellon*, 2017 WL 3392856, at *3-4 (Ohio Com.Pl. Aug. 4, 2017) (because case requires loan by loan analysis, "case is not one where sampling is in any way appropriate.").

**Morgan, Lewis & Bockius LLP**

One Market
Spear Street Tower
San Francisco, CA  94105-1596          ☎ +1.415.442.1000
United States                                      🖷 +1.415.442.1001

Hon. Robert W. Lehrburger
March 5, 2018
Page 2

being renewed following determination of the objections made to Judge Netburn's decisions" in the *Blackrock Opinion* and *HSBC Opinion*.  Dkt. 246.  Subsequently, U.S. Bank and RPI stipulated, and Judge Francis ordered, that renewed sampling motions were to be filed "10 days after rulings on the objections made to Judge Netburn's decisions [on]sampling-related issues."  Dkt. 301.

On August 21, 2017, Judge Failla adopted Judge Netburn's recommendation.  *Blackrock Order*.  More recently, and on February 23, 2018, Judge Schofield likewise affirmed Judge Netburn's decision.  *HSBC Order*.  As such, U.S. Bank's sampling motion is now ripe for renewed consideration.

U.S. Bank hereby incorporates by reference the arguments and evidence set forth in its original sampling motion.  Dkt. 221.  In the interest of judicial economy, however, U.S. Bank will not reiterate the bases for its motion, but will instead focus on new precedent that, combined with prior precedent and argument, compels the preclusion of sampling in this matter.

As a matter of law, liability and damages in this case must be determined on a ***loan-by-loan*** basis.  *Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chicago v. Bank of N.Y. Mellon*, 775 F.3d 154, 162 (2d Cir. 2014); *HSBC Order*, p. 5.  Thus, both of RPI's core theories of liability must be proven on a loan-by-loan basis, *i.e.,* that (i) U.S. Bank allegedly discovered breaches of representations and warranties ("R&Ws") regarding loans underlying the 21 trusts at issue, but breached an alleged duty to require the repurchase or cure of such breaches under the governing agreements; and (ii) U.S. Bank allegedly obtained actual knowledge of Servicing Events of Default ("EoDs"), but failed thereafter to act as a prudent person.  *See, e.g.*, Complaint ¶¶ 7-18.  The exact same theories of liability were at issue in both *Blackrock* and *HSBC*, and both courts found sampling insufficient to prove liability.  As reflected in the *HSBC Order*:

> The requirement that [Defendant] have information on a loan-by-loan basis to trigger its duties comports with the structure of § 2.03 of the PSAs and the limited duties it imposes on [Defendant] as trustee.  When the trustee identifies a defective document or R&W breach, [Plaintiff's theory of liability is that] it must request that the seller cure the defect or breach, and if the seller does not, the trustee must require the seller to repurchase the loan.  The trustee cannot fulfill either of these duties without loan-specific information.  The trustee cannot provide notice to the seller without knowing the specific defective document or the specific R&W breach.  The trustee cannot evaluate any cure and cannot enforce the seller's obligation to repurchase a specific loan without information about that loan.  Given the limited and loan-specific nature of the trustee's duties under § 2.03, the "discovery or receipt of notice" requirement must require [Defendant] to have information about a specific loan, rather than generalized knowledge or notice extrapolated from other loans.

Hon. Robert W. Lehrburger
March 5, 2018
Page 3

*HSBC Order*, p. 5 (citation omitted).  As Judge Schofield properly held, "[s]ampling cannot provide loan-specific information as to any loan outside the sample and is therefore of limited benefit."  *Id*.  In addition to finding sampling inappropriate to establish the trustee's liability for breaches of R&Ws, the court also found that sampling was inappropriate to show EoDs for the same reason.  *Id*. at 9 (sampling "cannot provide loan specific information as to any loan outside the sample."); *Blackrock Order*, at *10-11.

The *HSBC Order* also examined the cases cited by the plaintiffs in support of sampling and found them to be distinguishable because, unlike cases against warrantors or originators, the breach rate in a trust is ***not*** sufficient to establish liability or damages against a trustee.  *HSBC Order*, pp. 6-9.  RPI relies on the same or similar cases in its opposition to U.S. Bank's original motion for a protective order, and for the same reasons set forth in the *HSBC Order*, these cases should be found distinguishable.  Dkt. 220, pp. 4-5.  The court found that:

> Indenture trustees . . . neither underwrite loans nor . . . have any duty to examine them absent receipt of some form of loan-specific information of a breach.  Thus, as to trustees, information establishing general breach rates and average harm per breach cannot prove liability and damages; . . .  Re-underwriting a sample of loans does not aid in determining the loans, if any, about which the trustee received relevant actionable information.

*HSBC Order* at 7.  The court held that "actions against originators and sponsors whose duties are not comparable to those of trustees" and therefore, the cases relied on by the plaintiffs were distinguishable.  *HSBC Order*, pp. 7-8;[2] *Blackrock Order*, at *9 ("because Defendant cannot be required to investigate under the parties' contracts, Defendant cannot be held liable for breach on the basis of constructive knowledge.").[3]

The *HSBC Order* also recognized that sampling was inappropriate to establish damages, finding that "[s]ampling cannot prove damages for the same reason it cannot prove liability; it cannot identify the specific breaching loans outside the sample based on the existence and rate of defective loans within the sample."  *Id*. at 9; *Blackrock Order*, at *11.

Allowing further discovery and expert discovery based on RPI's sampling methods would prejudice U.S. Bank because, as determined in the *HSBC Order*, it would fundamentally fail to prove or disprove liability or damages on any issue raised by RPI's Complaint as to loans outside the sample.  *Id*. at 4-9.  The *Blackrock Order* and *HSBC Order* are determinative.  U.S. Bank's motion for a protective order to preclude sampling-related discovery should properly be granted.

---

[2] The court also stated it was unaware of any cases "permitting the use of sampling to establish liability or damages in a lawsuit against an RMBS trustee."  *Id*. at 7.

[3] Although the *Blackrock Order* suggests, in dicta, that it is plausible that discovery of breaches of R&Ws might be shown by proving "conscious avoidance or implied actual knowledge," Judge Failla recognized that this question did not need to be decided to uphold Judge Netburn's *Blackrock Opinion* precluding sampling.  *Blackrock Order*, at *10.

Hon. Robert W. Lehrburger
March 5, 2018
Page 4


Respectfully submitted,

*/s/ Benjamin P. Smith*

Benjamin P. Smith

cc:      Counsel of Record via ECF