# Morgan Lewis

**Tera M. Heintz**
Partner
+1.415.442.1334
tera.heintz@morganlewis.com

April 12, 2018

**VIA FEDERAL EXPRESS**

The Honorable Victor Marrero
United States District Court for the Southern District of New York
500 Pearl Street, Suite 1040
New York, NY 10007-1312

Re:   *Royal Park Investments SA/NV v. U.S. Bank Nat'l Ass'n*, Case No. 1:14-cv-02590

Dear Judge Marrero:

On behalf of Defendant U.S. Bank National Association ("U.S. Bank"), we respectfully submit this notice of supplemental authority regarding Judge Nathan's March 29, 2018 order denying Plaintiff Royal Park ("RPI's") renewed motion for class certification <u>with prejudice</u>. *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, No. 14-cv-4394, Dkt., 607 (S.D.N.Y. Mar. 29, 2018) (attached as Exhibit A).[1] Judge Nathan joins four other judges in this district who have now thoroughly considered and uniformly rejected RPI's efforts to certify a substantively identical class to the one RPI asserts in this case.

Judge Nathan held that numerous individual issues, including the same individualized issues that previously led her to deny RPI's initial class certification motion without prejudice, now required denial of the RPI's renewed motion with prejudice. She held that individualized issues predominate over common issues for virtually every aspect of RPI's claims, including Article III standing, statute of limitations, causation, and damages. *Id.* at 28-29. These individualized issues are "inherent" in the nature of the securities and claims at issue, the breadth of RPI's proposed class, the lengthy time period since RPI's claims allegedly accrued, and the requirement that RPI must prove its claims "loan by loan and trust by trust." *Id.*

First, Judge Nathan held that individualized determinations are required to assess Article III standing for each putative class member. Without litigation rights, individual class members do not have Article III standing to assert the claims at issue. *Id.* at 31. But identifying class members with litigation rights requires a two-step individualized inquiry. First, the Court must "apply New York's fact-intensive 'grouping of contracts' choice-of-law framework to determine which jurisdiction's laws govern the relevant assignment." The Court must then

---

[1] Judge Nathan's Order was entered under seal on March 30, 2018 due to potential confidentiality issues, and was publicly filed on April 11, 2018.

**Morgan, Lewis & Bockius LLP**

One Market
Spear Street Tower
San Francisco, CA  94105-1596      ☎ +1.415.442.1000
United States                                     📠 +1.415.442.1001

DB1/ 97023672.1

Hon. Victor Marrero
Page 2

"apply that law to determine whether litigation claims were assigned along with the Certificates or retained by the seller." *Id.* at 31-32.

Judge Nathan also rejected RPI's argument that these individualized determinations could be postponed to a post-judgment claims administration process, as RPI argues in this case. She observed that RPI's proposed claims administration expert, Peter Crudo (who proffered a substantively identical opinion in this case), "only contends that the claims process could avoid duplication of claims and root out fraud, not that the process would be able to determine the transfer of litigation rights." *Id.* at 31. Judge Nathan held that a claims administration process would be "unable to mitigate the need for individualized legal determinations when disputes regarding assignments arise." *Id.* at 32.

Second, Judge Nathan held that individualized assessments are required to determine and apply the applicable state of limitations to each class member's claims. Under New York's borrowing statute, N.Y.C.P.L.R. § 202, the statute of limitations governing each claim depends on where the economic injury occurred, *i.e.*, where the class member resided at the time of alleged breaches, or in the case of assigned claims, where the assignor resided. *Id.* at 32. The law thus mandates multiple individualized inquiries to (1) trace the transfer of litigation claims back to the original assignor(s) for each Certificate and (2) apply the appropriate law based on the class member's or assignor's residence. The complexity of this analysis is compounded by the fact that this issue must be decided anew for each claim of breach asserted by RPI, and separately for each breach of trust claim, which is governed by a different statute of limitations. *Id.* at 32-33.

Third, Judge Nathan held that the causation and damages analyses likewise require individualized determinations. These inquiries will depend on, among other factors, "1) when investors bought Certificates relative to the timing of the breaches (and the discovery of each breach); 2) the seniority of each investor's Certificates; 3) the price each investor paid for its Certificates; and 4) when and at what rates repurchase would have occurred." *Id.* at 37. Judge Nathan rejected the "barebones" opinion of RPI's expert, F. Scott Dalyrmple (who offers a substantively identical opinion in this case), as "elid[ing] key differences between class members that would be required to establish proper damages calculations." *Id.*

Judge Nathan concluded that the interplay and complexity of these individualized issues was simply "too much for the class vehicle to bear." *Id.* at 38 ("the claims here involve many alleged breaches, arising out of ownership of oft-transferred securities over many years, between investors in many geographic locales, and without one uniform law."). This is especially so where, as here, "Plaintiff must demonstrate breach on a loan-by-loan and trust-by-trust basis." *Id.* at 38. Judge Nathan also held that, as a result of these individualized issues, the class action device was not superior to other methods available for fair and efficient adjudication of the case. *Id.* at 39.

In sum, Judge Nathan's denial of a substantively identical class certification motion by RPI, asserting the same class definition and the same legal claims, and relying on the same expert reports, strongly supports denial of RPI's motion pending before the Court in this action.

Hon. Victor Marrero
Page 3

Indeed, the individualized issues weigh even more heavily in this case, which involves more than twice as many Trusts than at issue in *RPI v. DBNTC*.

Respectfully submitted,

*[signature]*

Tera M. Heintz

cc: Counsel of Record (via Federal Express)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendant U.S. Bank National Association

**SO ORDERED.**

4-13-18
DATE            VICTOR MARRERO, U.S.D.J.