UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
ROYAL PARK INVESTMENTS SA/NV,                    :
Individually and on Behalf of All Others         :
Similarly Situated,                              :
                                                 :        Civil Action No. 14-cv-02590-VM-RWL
                                                 :
                    Plaintiff,                   :
                                                 :
          v.                                     :
                                                 :
U.S. BANK NATIONAL ASSOCIATION,                  :
as Trustee,                                      :
                                                 :
                    Defendant.                   :
                                                 :
------------------------------------------------------- X

### U.S. BANK NATIONAL ASSOCIATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S RULE 72 OBJECTIONS TO AND MOTION TO SET ASIDE MAGISTRATE JUDGE'S JULY 9, 2018 ORDER

MORGAN, LEWIS & BOCKIUS LLP

Tera M. Heintz*
Benjamin P. Smith*
Kevin M. Papay*
One Market Street
San Francisco, CA 94114
Tel:  (415) 442-1000
Fax:  (415) 442-1001
tera.heintz@morganlewis.com
benjamin.smith@morganlewis.com
kevin.papay@morganlewis.com
* admitted *pro hac vice*

Michael S. Kraut
101 Park Avenue
New York, NY 10178
Tel:  (212) 309-6000
Fax:  (212) 309-6001
michael.kraut@morganlewis.com

Attorneys for Defendant
U.S. Bank National Association, as Trustee

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................ 1

II.     RELEVANT FACTS AND PROCEDURAL HISTORY ................................. 2

III.    STANDARD OF REVIEW ............................................................................ 3

IV.    ARGUMENT ................................................................................................. 6

       A.      The July 9 Order Does Not Rely on "Findings of Fact and Law Inappropriate for Resolution on a Discovery Motion." ......................... 6

       B.      The July 9 Order Is Not Based on a Misreading or Misapplication of Controlling Law. ..................................................................................... 8

       C.      RPI's Argument Regarding the Potential Unenforceability of "Sole Remedy" Clauses is Untimely and Unsupported by Any Evidence Before the Court........................................................................................... 10

       D.      Royal Park's Objections Recycle Multiple Arguments that Judge Lehrburger Already Considered and Rejected in the July 9 Order..................... 11

       E.      The July 9 Order's Discussion of Royal Park's Burden of Proof with Regard to Damages is Not Erroneous. ................................................. 14

V.      CONCLUSION............................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

C<small>ASES</small>

*Blackrock Allocation Target Shares Series S Portfolio v. Bank of N.Y. Mellon*,
  No. 14 Civ. 9372 (GBD) (HBP), 2018 WL 2215510 (S.D.N.Y. May 15, 2018) ....................9

*Blackrock Allocation Target Shares v. Wells Fargo Bank, N.A.*,
  No. 1:14-cv-9371-KPF-SN, 2017 WL 3610511 (S.D.N.Y. Aug. 21, 2017) .........3, 5, 7, 12, 13

*Blackrock Allocation Target Shares v. Wells Fargo Bank, N.A.*,
  No. 1:14-cv-9371-KPF-SN, 2017 WL 953550 (S.D.N.Y. Mar. 10, 2017) ....................3, 9, 12

*Blackrock Balanced Capital Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*,
  No. 1:14-cv-09367-JMF-SN, 2018 WL 3120971 (S.D.N.Y. May 17, 2018)............3, 6, 14, 15

*City of N.Y. v. FedEx Ground Package Sys., Inc.*,
  No 13 Civ. 9173 (ER), 2017 WL 633445 (S.D.N.Y. Feb. 14, 2017) ......................................5

*Deutsche Bank Nat'l Trust Co. v. Morgan Stanley Holding Co.*,
  289 F. Supp. 3d 484 (S.D.N.Y. 2018)....................................................................................11

*Fixed Income Shares: Series M v. Citibank N.A.*,
  No. 14-cv-9373 (JMF), 2018 WL 1449580 (S.D.N.Y. Mar. 22, 2018).................................15

*Homeward Residential, Inc. v. Sand Canyon Corp.*,
  12-CV-5067 (JFK) (JLC), 2017 WL 4676806 (S.D.N.Y. Oct. 17, 2017) ............................6, 7

*In re Agent Orange Prods. Liab. Litig.*,
  517 F.3d 76 (2d Cir. 2008).......................................................................................................6

*Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*,
  29 F. Supp. 3d 142 (E.D.N.Y. 2014) ....................................................................................10

*MacNamara v. City of New York*,
  249 F.R.D. 70 (S.D.N.Y. 2008) ..........................................................................................4, 8

*North Jersey Media Grp. Inc. v. Fox News Network, LLC*,
  14 Civ. 7630 (ER), 2015 WL 7444822 (S.D.N.Y. Nov. 23, 2015) .......................................10

*Pall Corp. v. Entegris, Inc.*,
  655 F. Supp. 2d 169 (E.D.N.Y., 2008) ................................................................................4, 8

*Retirement Board of the Policemen's Annuity & Benefit Fund of the City of
  Chicago v. Bank of New York Mellon*,
  775 F.3d 154 (2d Cir. 2014).................................................................................................9, 10

## TABLE OF AUTHORITIES
(continued)

<b>Page(s)</b>

*Royal Park Invs. SA/NV v. HSBC Bank USA N.A.*,
    No. 1:14-cv-01875-LGS-SN, 2017 WL 945099 (S.D.N.Y. Mar. 10, 2017) ....................2, 3, 9

*Royal Park Invs. SA/NV v. HSBC Bank USA N.A.*,
    No. 1:14-cv-09366-LGS-SN, 2018 U.S. Dist. LEXIS 31157
    (S.D.N.Y. Feb. 23, 2018)....................................................................................3, 5, 6, 14

*Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic*
    *Republic*,
    924 F. Supp. 2d 508 (S.D.N.Y. 2013)......................................................................10

*Tiffany & Co. v. Costco Wholesale Corp.*,
    No. 13 Civ. 1041(LTS)(DCF), 2013 WL 5677020 ..............................................11

*Vaigasi v. Solow Mgmt. Corp.*,
    11 Civ. 5088 (RMB)(HBP), 2016 WL 616386 (S.D.N.Y. Feb. 16, 2016) ..............7

*Wechsler v. Hunt Health Sys., Ltd.*,
    No. 96 CIV 8295 PKL, 1999 WL 672902 (S.D.N.Y. Aug. 27, 1999)....................14

*Zachary v. City of Newburgh*,
    No. 13 CV 5737 (VB), 2015 WL 5474245 (S.D.N.Y. July 27, 2015) ....................5

**STATUTES**

28 U.S.C. § 636(b)(1) ...................................................................................................1, 4

**RULES**

Fed. R. Civ. P.
    26....................................................................................................1, 4, 5, 6, 7, 8
    72............................................................................................1, 2, 3, 4, 5, 10, 11

iii

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, Defendant U.S. Bank National Association ("U.S. Bank") submits this opposition to Plaintiff Royal Park Investments SA/NV's ("RPI") objection to and motion to set aside (Dkt. 393) Magistrate Judge Lehrburger's July 9, 2018 Memorandum and Order (the "July 9 Order," Dkt. 391).

## I.  INTRODUCTION

The July 9 Order is consistent with the decision of every court to address this issue, each finding that sampling cannot be used to prove liability or damages in actions against RMBS trustees.  No contrary authority exists, and Rule 72 objections to nearly identical decisions regarding sampling have been denied.  RPI's objections similarly lack merit and should be rejected.

At their core, RPI's objections reflect mere disagreement with the outcome of the July 9 Order's Rule 26 proportionality analysis.  RPI's disagreement with Judge Lehrburger—and, by extension, Judges Netburn, Failla, Schofield, and Furman, who reached the same conclusions before Judge Lehrburger—is not a valid basis to set aside the July 9 Order.  RPI tacitly acknowledges this by attempting to mischaracterize the applicable legal standard, and contending that *de novo* review is necessary for a discretionary discovery decision, even though Judges Failla and Schofield rejected requests for *de novo* review of materially similar sampling orders.

RPI's objections recycle arguments that Judge Lehrburger and courts in this district have considered and consistently rejected.  RPI also raises untimely arguments that were never raised to Judge Lehrburger—arguments that are both waived and unpersuasive under the July 9 Order's analysis.  The July 9 Order and the consistent Trustee Sampling Decisions establish that the significant burden and expense of RPI's proposed sampling discovery far outweighs its likely benefit where, as here, an RMBS trustee's alleged misconduct must be proved loan-by-loan and trust-by-trust.  Because RPI's objections fail to establish any clear error by Judge Lehrburger in

1

reaching that decision, they should be rejected.

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

The July 9 Order is a well-reasoned decision informed by extensive briefing, supplemental submissions, oral argument, and numerous prior decisions specifically addressing the permissibility of sampling-related discovery against RMBS trustees.

On April 25, 2017, U.S. Bank requested a case management conference to "discuss whether sampling discovery and related expert discovery is appropriate in this case."  Dkt. 221 at 1.  At that time, Magistrate Judge Netburn had ruled in two similar cases against other RMBS trustees (both including RPI as a plaintiff) that statistical sampling cannot be used to establish liability or damages in these types of cases, and thus should be precluded in discovery.  *See id.* at 1-2 (citing *Blackrock Allocation Target Shares v. Wells Fargo Bank, N.A.*, No. 1:14-cv-9371-KPF-SN, 2017 WL 953550 (S.D.N.Y. Mar. 10, 2017) ("*Wells Fargo I*") and *Royal Park Invs. SA/NV v. HSBC Bank USA N.A.*, No. 1:14-cv-01875-LGS-SN, 2017 WL 945099 (S.D.N.Y. Mar. 10, 2017) ("*HSBC I*") (together, "Judge Netburn's Sampling Orders").  In light of Judge Netburn's Sampling Orders, the approaching close of fact discovery, and the massive expense associated with sampling discovery, U.S. Bank sought a protective order to "prohibit RPI from imposing the undue burden and expense of" sampling-related discovery on the parties.  *Id.* at 2.  In response, RPI requested that Magistrate Judge Francis defer ruling on this issue until Rule 72 objections to Judge Netburn's Sampling Orders were decided by Judges Failla and Schofield, based on the implicit understanding that Judge Francis could be influenced by their orders on the subject.  Dkt. No. 220 at 1, 3.

As RPI requested, Judge Francis denied U.S. Bank's motion *without prejudice* pending determination of the Rule 72 objections to Judge Netburn's Sampling Orders.  *See* Dkt. 246 ("U.S. Bank's application for a protective order precluding further sampling-related discovery is denied without prejudice to being renewed following determination of the objections made to Judge

Netburn's decisions on the same issues in [*Wells Fargo I*] and [*HSBC I*].").  Consistent with the non-prejudicial nature of that order, Judge Francis relieved the parties of "any obligation to conduct sampling-related discovery" pending resolution of the objections to Judge Netburn's Sampling Orders, and subject to the anticipated renewal of U.S. Bank's motion.  *Id.*; *see also* Dkt. 301 at 3 (stipulated case schedule tying all remaining case deadlines in this action to the resolution of the objections to Judge Netburn's Sampling Orders and any subsequent motion by the parties "seeking an order in connection with sampling discovery").

On March 5, 2018, U.S. Bank renewed its motion for a protective order after Judges Failla and Schofield affirmed Judge Netburn's Sampling Orders.  *See* Dkt. 371 (noting the adoption of Judge Netburn's Sampling Orders in *Blackrock Allocation Target Shares v. Wells Fargo Bank, N.A.*, No. 1:14-cv-9371-KPF-SN, 2017 WL 3610511 (S.D.N.Y. Aug. 21, 2017) ("*Wells Fargo II*") and *Royal Park Invs. SA/NV v. HSBC Bank USA, N.A.*, No. 1:14-cv-09366-LGS-SN, 2018 U.S. Dist. LEXIS 31157 (S.D.N.Y. Feb. 23, 2018) ("*HSBC II*").[1]

After full briefing (Dkts. 371, 374, 375), supplemental authority submissions (Dkts. 383, 384), and oral argument on U.S. Bank's renewed motion, Judge Lehrburger asked the parties for further information regarding the scope of—and potential alternatives to—Royal Park's anticipated sampling-related discovery.  Dkt. 385.  With the benefit of that information (Dkts. 387, 388, 390) and a comprehensive record, Magistrate Judge Lehrburger issued the July 9 Order granting U.S. Bank's motion for a protective order and precluding sampling-based discovery.

## III.   STANDARD OF REVIEW

RPI misstates the applicable standard of review.  The July 9 Order is a discovery order

---

[1] Here, as in the July 9 Order, *Wells Fargo I*, *Wells Fargo II*, *HSBC I*, *HSBC II*, and *Blackrock Balanced Capital Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*, No. 1:14-cv-09367-JMF-SN, 2018 WL 3120971 (S.D.N.Y. May 17, 2018) are collectively referred to as the "Trustee Sampling Decisions."

pursuant to Federal Rule of Civil Procedure 26 that does not dispose of any claim or defense.  As

RPI concedes (Dkt. 394 at 12), such an order is governed by Federal Rule of Civil Procedure 72(a),

and may only be modified or set aside if it "is clearly erroneous or is contrary to law."  Fed. R.

Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A).

This Court applied the "clearly erroneous or contrary to law" standard when it ruled on

RPI's Rule 72 objection to a prior discovery order in this action.  *See* Dkt. 304 at 11-13.  In doing

so, this Court comprehensively explained the applicable standard of review:

> When reviewing an order by a magistrate judge regarding nondispositive pretrial
> matters, a district court shall modify or set aside any portion of the magistrate
> judge's order found to be clearly erroneous or contrary to law.  A matter is
> nondispositive if it does not dispose of the litigation. . . . It is well-settled that a
> magistrate judge's resolution of a nondispositive matter should be afforded
> substantial deference and may be overturned only if found to have been an abuse
> of discretion.  An order is clearly erroneous if the reviewing court is left with the
> definite and firm conviction that a mistake has been committed.  [T]hat reasonable
> minds may differ on the wisdom of granting [a party's] motion is not sufficient to
> overturn a magistrate judge's decision.

Dkt. 304 at 11-13 (internal citations and quotations omitted) (alteration in original).  Notably, "[a]n

order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of

procedure."  *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal

citations and quotations omitted).  As discussed below, RPI contends that "the July 9 Order's

proportionality conclusion is clearly erroneous" "because **no** Second Circuit authority holds that

sampling is not viable proof against trustees," Dkt. 394 at 15 (emphasis original), but that misstates

the applicable standard.  An order that resolves a nondispositive discovery matter in the *absence*

of controlling authority *to the contrary* does not constitute a "failure to apply" or "misapplication"

of existing, controlling authority.  *See Pall Corp. v. Entegris, Inc.*, 655 F.Supp.2d 169, 172

(E.D.N.Y., 2008) ("[A] magistrate judge's decision is contrary to law only where it runs counter

to controlling authority.  Consequently, [a] magistrate judge's order simply cannot be contrary to

law when the law itself is unsettled.") (internal citations and quotations omitted) (alteration in original); *see also Zachary v. City of Newburgh*, No. 13 CV 5737 (VB), 2015 WL 5474245, at *1 (S.D.N.Y. July 27, 2015) (same, citing *Pall Corp.*).

RPI also wrongly insists that the July 9 Order merits *de novo* review.  *See* Dkt. 394 at 13. RPI made the same argument in challenging Judge Netburn's Sampling Orders; that argument was squarely rejected by Judges Failla and Schofield.  *See Wells Fargo II*, 2017 WL 3610511 at *6 ("The Consolidated Plaintiffs argue that the Sampling Opinion should be reviewed *de novo*, because it was rooted in conclusions of law and exceeded the scope of the Court's reference to Judge Netburn.  The Court does not agree.  The Sampling Opinion was decided pursuant to Rule 26, . . . and thus is a classic, non-dispositive decision regarding discovery that is subject to clear error review. . . . A dispositive determination was not inevitably implicated by [Judge Netburn's] proportionality analysis under Rule 26.  Nor did the Sampling Opinion terminate any claims or the action.") (internal citations omitted); *HSBC II*, 2018 U.S. Dist. LEXIS 31157 at *34 ("The Sampling Opinion denies Plaintiffs' discovery application based on Federal Rule of Civil Procedure 26 and its proscription concerning the scope of discovery.  The Sampling Opinion accordingly is subject to review under a clear error, and not a *de novo*, standard of review."). Judges Failla's and Schofield's stated reasoning applies with equal force here.

Accordingly, this Court's review is "highly deferential," and RPI "carries a heavy burden" to overturn Judge Lehrburger's July 9 Order.  *City of N.Y. v. FedEx Ground Package Sys., Inc.*, No 13 Civ. 9173 (ER), 2017 WL 633445, at *3 (S.D.N.Y. Feb. 14, 2017).  For the reasons below, RPI fails to satisfy its heavy burden to show that the July 9 Order was clearly erroneous or contrary to law.[2]

_____

[2] Judges Failla and Schofield noted that the Rule 72 objections to the Magistrate Judge Netburn's sampling orders would be overruled *even if* they were reviewed *de novo*.  *See Wells Fargo II*,

## IV.    ARGUMENT

The July 9 Order is eminently reasonable.  It is consistent with every order to have addressed these same issues, which include recent decisions by five judges in this district.  Nothing in RPI's objections plausibly suggests, let alone establishes, that Judge Lehrburger abused his discretion or committed clear error by granting U.S. Bank's motion for a protective order.

### A.    The July 9 Order Does Not Rely on "Findings of Fact and Law Inappropriate for Resolution on a Discovery Motion."

RPI's contention that the July 9 Order improperly relies on findings of fact and law inappropriate for resolution on a discovery motion ignores the plain language of Federal Rule of Civil Procedure 26 and disregards the well-established principle that district court judges have "wide latitude to determine the scope of discovery." *In re Agent Orange Prods. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008); *accord Homeward Residential, Inc. v. Sand Canyon Corp.*, 12-CV-5067 (JFK) (JLC), 2017 WL 4676806, at *5 (S.D.N.Y. Oct. 17, 2017).

The July 9 Order neither "decide[s] ultimate merits issues," nor "bars Royal Park from developing . . . evidence necessary to prove its case."  Dkt. 394 at 13-14.  Rather, in accordance with Federal Rule of Civil Procedure 26—and consistent with all of the Trustee Sampling Decisions that "have considered the issue to date [and] found sampling discovery unwarranted in cases against [RMBS] trustees"—the July 9 Order imposes reasonable limits on the scope of discovery based on a relevance and proportionality analysis.  *See* July 9 Order at 8 (citing Fed. R. Civ. P. 26(b)(1), and explaining that "the relevance of sampling evidence to prove the investors'

---

2013 WL 3610511 at *6; *HSBC II*, 2018 U.S. Dist. LEXIS 31157 at *34.  In another case against an RMBS trustee, Judge Furman directly took up a similar motion to use statistical sampling evidence (effectively reviewing the motion *de novo*) and denied it "substantially for the reasons more thoroughly explained by Judges Netburn, Failla, and Schofield" under Federal Rule of Civil Procedure 26.  *Blackrock Balanced Capital Portfolio (FI) v. Deutsche Bank Nat'l Trust Co.*, No. 14-cv-9367 (JMF), 2018 WL 3120971, at *2 (S.D.N.Y. May 17, 2018).  Thus, RPI's objections to the July 9 Order should be rejected even if this Court were to review them *de novo*.

claims against the trustee is slim to none, while the burdens remain high"); *id.* at 9-10 ("notwithstanding that the monetary amount potentially at stake in this case is hundreds of millions of dollars, spending millions of dollars, expending court resources and introducing additional expert subject matter, all to conduct sampling discovery with even as few as 2,800 loans, is not proportionate to the needs of the case when every court to address the issue has concluded sampling is not viable proof against trustees."); *id.* at 12 ("while this case may differ in certain respects from other cases against trustee defendants, those differences do not warrant a different outcome. Sampling-related discovery is not proportional to the needs of this case.").

This relevance and proportionality analysis falls squarely within the purview of Judge Lehrburger's authority. "Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Vaigasi v. Solow Mgmt. Corp.*, 11 Civ. 5088 (RMB)(HBP), 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016) (internal citation omitted). Thus, Rule 26(b)(1) explicitly "sets forth factors to consider in analyzing proportionality," which include "'*the importance of the issues at stake in the litigation*, the amount in controversy, the parties' relative access to relevant information, the parties' resources, *the importance of the discovery in resolving the issues*, and whether the *burden or expense of the proposed discovery outweighs its likely benefit*.'" *Homeward Residential*, 2017 WL 4676806, at *5 (emphasis added) (quoting Fed. R. Civ. P. 26(b)(1))*; see also Wells Fargo II*, 2017 WL 3610511, at *10 ("For, as the Sampling Opinion found, at issue here is only a discovery motion, and the Court's consideration of the parties' ultimate burdens is only intended to guide the Court's review of Judge Netburn's proportionality analysis.").

RPI's objections ignore that the plain language of the Federal Rules and applicable case law *require* Judge Lehrburger to analyze "the importance of" sampling-based discovery to

"resolving the issues" of liability and damages in this case, among other things.  Fed. R. Civ. P. 26(b)(1).  Under RPI's theory, no magistrate judges could make relevancy or proportionality determinations because doing so would require them to make purportedly impermissible findings of law and fact "on ultimate issues."  Judge Lehrburger's relevance and proportionality analyses were appropriate, well-supported, and necessary to resolve the discovery motion at issue.[3]

### B.     The July 9 Order Is Not Based on a Misreading or Misapplication of Controlling Law.

RPI's argument that the July 9 Order is "based on a misreading of Second Circuit law" is wrong and, in any event, inconsistent with the July 9 Order's stated reasoning.  *See* Dkt. 394 at 15.  An order may be contrary to law if it "*fails to apply or misapplies* relevant . . . case law." *MacNamara*, 249 F.R.D. at 77 (internal citations and quotations omitted; emphasis added).  But RPI does not argue that the July 9 Order fails to apply or is inconsistent with controlling precedent.  RPI cites no authority, Second Circuit or otherwise, that approves the use of sampling evidence in matters against RMBS trustees.  Instead, RPI simply argues that "***no*** Second Circuit authority holds that sampling is not viable proof against trustees," Dkt. 394 at 15 (emphasis in original).  The absence of such Second Circuit authority does not preclude Magistrate Judge Lehrburger from limiting sampling discovery where, as here, the July 9 Order is based on a rigorous Rule 26 proportionality analysis and informed by consistent, persuasive legal authority.  *See Pall*, 655 F. Supp. 2d at 172 ("[A] magistrate judge's decision is contrary to law only where it runs counter to controlling authority.").[4]

---

[3] The July 9 Order's proportionality analysis is even more compelling following this Court's denial of RPI's motion for class certification on July 10, which significantly decreases the scope of potential damages in this action.  *See* Dkt. 392.

[4] RPI flags that the Trustee Sampling Decisions "emphasized that their decisions were limited only to a discovery issue" and "disclaimed any conclusion as to the viability of such proof," Dkt. 394 at 15, n.9.  The July 9 Order includes the same limitation and does not purport to hold otherwise.  July 9 Order at 12, n. 17 ("To be clear, as with the opinions issued by the Magistrate

The July 9 Order, like the Trustee Sampling Decisions before it, cites *Retirement Board of the Policemen's Annuity & Benefit Fund of the City of Chicago v. Bank of New York Mellon*, 775 F.3d 154 (2d Cir. 2014), for the established requirement that an RMBS trustee's alleged misconduct in this type of case will have to be proved "loan-by-loan and trust-by-trust." July 9 Order at 4-5. Courts regularly cite to *Retirement Board* and its progeny in determining the permissible scope of discovery in these actions. *See, e.g.*, *Blackrock Allocation Target Shares Series S Portfolio v. Bank of N.Y. Mellon*, No. 14 Civ. 9372 (GBD) (HBP), 2018 WL 2215510, at *12 (S.D.N.Y. May 15, 2018) ("*Retirement Board* and its progeny are instructive in defining the universe of discoverable information in [an] action. *Retirement Board* also bears directly on the application of the proportionality standard by distinguishing important documents—documents that are loan- and trust-specific—from those that are of considerable less importance—documents that merely establish general knowledge of trustee misconduct.").

RPI argues wrongly that the July 9 Order "did not explain the court's reason for making [the] assumption" that "'there is no reason to believe that the Second Circuit would depart from its 'loan-by-loan' incantation with respect to use of sampling to prove liability or damages specifically against a trustee,'" Dkt. 394 at 15 (quoting July 9 Order at 5). Yet in the very next paragraph, the July 9 Order explains that the significance of the distinction between actions against "the issuer of RMBS securities" versus RMBS trustees was "provided by the Trustee Sampling Decisions: the contractual language governing the trustees is couched in terms of loan-by-loan evaluation and remedy; and, unlike a trustee, an RMBS issuer or sponsor securitizes the loans, conducts due diligence on the loans . . . , and makes representations and warranties about the loans." July 9 Order at 5-6 (citing *HSBC II* and *HSBC I* for their discussions of how RMBS cases

_____

Judge in *HSBC I* and *Wells Fargo I*, this Memorandum and Order addresses only, and is limited to, a discovery issue within this Court's discretion.").

*allowing* sampling against non-trustees are inapposite).  The July 9 Order neither contradicts controlling authority, nor relies on an erroneous "assumption" to the extent it relies on *Retirement Board* or any other authority; thus, it cannot be contrary to law or constitute "clear error."

> ### C.  RPI's Argument Regarding the Potential Unenforceability of "Sole Remedy" Clauses is Untimely and Unsupported by Any Evidence Before the Court.

In light of the universally unfavorable rulings by Judges Lehrburger, Netburn, Failla, Schofield, and Furman, RPI tries to raise a new argument for the first time in its objections:  that the Trustee Sampling Decisions and the July 9 Order are erroneous to the extent they "assume" sole remedy clauses in Governing Agreements are enforceable.  *See* Dkt. 394 at 17-18.

As a preliminary matter, it is improper for RPI to raise an argument for the first time where, as here, it had ample opportunity – but failed – to make this argument or present evidence on this issue during the two full rounds of briefing on U.S. Bank's motion.  *See North Jersey Media Grp. Inc. v. Fox News Network,* LLC, 14 Civ. 7630 (ER), 2015 WL 7444822, at *2 (S.D.N.Y. Nov. 23, 2015) (declining to consider a "new argument" presented in defendant's Rule 72 objections because "Rule 72(a) limits a district court's consideration of a magistrate's rulings to whether the decision was clearly erroneous based on the evidence and information before [the magistrate judge]"); *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 520 (S.D.N.Y. 2013) (same); *see also Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 29 F. Supp. 3d 142, 151-52 (E.D.N.Y. 2014) (comparing Rule 72(b), which permits a district court to review "further evidence," with Rule 72(a), which has no such provision) ("the district court's review of a magistrate judge's *non-dispositive* ruling under FRCP 72(a) is limited to the evidence that was before the magistrate judge") (emphasis in original).[5]

---

[5] For this reason, the Court also should disregard any new evidence submitted with the Declaration of Daryl J. Alvarado that RPI filed concurrently with its Rule 72 Objections.

Dating back to its April 25, 2017 letter brief, U.S. Bank has argued, with reference to Judge Netburn's Sampling Orders, that the sole remedy provided to an RMBS trustee with regard to breaching loans is to seek repurchase of them on a loan-by-loan, trust-by-trust basis. *See* Dkt. 221 at 4 (citing *Wells Fargo I)* ("proof of materiality and the sole remedy provisions of the Governing Agreements likewise require loan-specific proof"). Because RPI failed to raise this argument when the motion was before Judge Lehrburger, this Court should exclude it from its review of RPI's objections.

Even if this argument were properly before the court, the only authority that RPI cites to support this argument is inapposite. RPI cites a single case that (i) concerns claims brought against an RMBS sponsor, not an RMBS trustee and (ii) discusses the enforceability of a sole remedy clause in a Mortgage Loan Purchase Agreement for a trust not at issue here. *See* Dkt. 394 at 17-18 (discussing *Deutsche Bank Nat'l Trust Co. v. Morgan Stanley Holding Co.*, 289 F. Supp. 3d 484 (S.D.N.Y. 2018). For the same reasons that the Trustee Sampling Decisions and July 9 Order distinguished decisions allowing sampling against non-trustees as inapposite, any findings in this similarly inapposite case are inapplicable here and, at a minimum, insufficient to set aside the July 9 Order. As discussed above, that analysis is based on numerous findings and established legal precedent, not a single "assumption" regarding the enforceability of sole remedy clauses.

### D.   Royal Park's Objections Recycle Multiple Arguments that Judge Lehrburger Already Considered and Rejected in the July 9 Order.

Royal Park's objections repackage many of its previously unsuccessful arguments under the guise of Rule 72 objections. These rehashed arguments provide no viable basis to overturn the July 9 Order. "[T]he fact that reasonable minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's decision." *Tiffany & Co. v. Costco Wholesale Corp.*, No. 13 Civ. 1041(LTS)(DCF), 2013 WL 5677020, at *1 (S.D.N.Y. Oct. 18, 2013)

(internal citation omitted).

For example, RPI previously argued that "[s]ampling has been widely accepted in New York (and elsewhere) as part of the proof of defendant's liability and of damages in RMBS cases." *Compare* Dkt. 220 at 4 *with* Dkt. 394 at 18-20.  Magistrate Judge Lehrburger directly addressed that argument, and found it insufficient to change the outcome of his proportionality analysis because "those cases . . . were against sponsors or issuers," whereas "U.S. Bank, as trustee, stands in different shoes subject to trustee-specific contractual terms."  July 9 Order at 11-12.  Judge Netburn reached the same conclusion in *Wells Fargo I*, which Judge Failla upheld.  *See Wells Fargo II*, 2017 WL 3610511 at *10-11 ("Judge Netburn rejected as inapposite cases factually distinct from the instant cases where sampling was permitted, and found that none counseled her to authorize the discovery here in light of its expense, burden, and unhelpfulness. . . . This Court can find no error in Judge Netburn's thorough reasoning.").  To the extent that RPI now tries to supplement that argument with reference to the potential unenforceability of sole remedy clauses (Dkt. 394 at 19), that argument is unpersuasive (and untimely) for the reasons discussed in the section above.

RPI also argues that its proposed sampling discovery is materially different from that at issue in the Trustee Sampling Decisions because it "will ***not*** use sampling evidence to prove discovery" of breaches.  Dkt. 394 at 20 (emphasis in original).  This too is an argument that Magistrate Judge Lehrburger considered and rejected.  *See* July 9 Order at 10-11 ("Here . . . Royal Park represents that it will not use sampling as evidence of U.S. Bank's discovery of breaching loans. . . . Royal Park's pledge to prove discovery by means other than sampling removes one of the issues that call into question the relevance and proportionality of sampling in this case.  That, however, does not cure the problem.").

12

In the same part of the July 9 Order, Judge Lehrburger dismissed RPI's argument concerning the use of sampling to prove the rate of breaches that U.S. Bank "would have identified had it conducted a prudent investigation of the Trusts [where] it knew of an [event of default]." *Compare* Dkt. 394 at 21 *with* July 9 Order at 11 (citing RPI's May 22, 2018 letter [Dkt. 384] at 2) ("As Royal Park points out, even U.S. Bank, acting as trustee in another case, advocated for use of sampling to demonstrate the extent of breaching loans, 'a practice which the court then endorsed.'").  Judge Netburn also expressly addressed and rejected this argument, which Judge Failla summarized and affirmed.  *See Wells Fargo II*, 2017 WL 3610511 at *10 ("And finally, Judge Netburn found that any sampling performed today would shed little light, if any, on whether sampling should have been performed in the past by a 'prudent person' or on what might have been uncovered if it had been.  As she concluded: 'It is not clear how sampling can show that after performing an investigation, [Defendant] would have located the specific breaching loans outside of a sample based on the existence and rate of defective loans within the given sample.'  This Court can find no error in Judge Netburn's thorough reasoning.") (internal citations omitted).

In any event, RPI has affirmatively waived any arguments based on the theory that sampling should be permitted to prove what U.S. Bank "would have identified had it conducted a prudent investigation of the Trusts once it knew of an [Event of Default] . . . ."  Dkt. 394 at 21.  Through contention interrogatories, U.S. Bank asked RPI to detail what U.S. Bank was supposed to have done as part of any post-Event of Default investigation, and what U.S. Bank would have found through such an investigation.  RPI responded that "[t]he results and costs of non-existent, hypothetical investigations that U.S. Bank should have but failed to conduct [following an Event of Default] ***are not known to Royal Park and are irrelevant to this action***."  *See* Decl. of Kevin Papay, Ex. 1 at 32 (internal pagination).  This is a binding judicial admission by RPI that estops it

from asserting any claim that U.S. Bank is somehow responsible for all breaching loans in a trust, even in the absence of specific discovery or knowledge of breaches.  *See Wechsler v. Hunt Health Sys., Ltd.*, No. 96 CIV 8295 PKL, 1999 WL 672902, at *5 (S.D.N.Y. Aug. 27, 1999) (answers to contention interrogatories "generally estop the answering party from later seeking to assert positions omitted from, or otherwise at variance with, those responses.").

**E.    The July 9 Order's Discussion of Royal Park's Burden of Proof with Regard to Damages is Not Erroneous.**

The July 9 Order's discussion of sampling's inability to prove RPI's damages is not clearly erroneous.  RPI claims—without supporting legal authority—that statements in the July 9 Order about RPI's need to prove "which entity originated the loan and whether that entity [would have been] solvent at the time" of a repurchase demand "conflate[] Royal Park's affirmative burden of proof" with U.S. Bank's burden to prove facts in support of affirmative defenses.  Dkt. 394 at 21-22.  That is incorrect.

Assuming arguendo that RPI needs only "prove the ***fact*** of damages" and "any uncertainty as to the amount of damages is on the breaching party," *id.* at 22 (emphasis in original), that does not change the fact that RPI must prove the "fact" of damages on a loan-by-loan basis.  *See* July 9 Order at 11 (the need for "loan-by-loan analysis", which "cannot be met with sampling," "extends to Royal Park's intended use of sampling to prove damages"); *HSBC II*, 2018 U.S. Dist. LEXIS 31157 at *43 ("Sampling cannot prove damages for the same reason it cannot prove liability; it cannot identify the specific breaching loans outside the sample based on the existence and rate of defective loans within the sample."); *Blackrock Balanced Capital Portfolio*, 2018 WL 3120971 at *2 ("Because Plaintiffs need to prove liability ***and damages*** on a trust-by-trust and loan-by-loan basis, there is no benefit to sampling beyond what it reveals about the loans within the sample.") (emphasis added).

14

RPI cannot prove even the *fact* of damages as to individual loans without determining which entity originated those loans and whether those originators were solvent at the relevant time. *See, e.g.*, *Fixed Income Shares: Series M v. Citibank N.A.*, No. 14-cv-9373 (JMF), 2018 WL 1449580, at *1 (S.D.N.Y. Mar. 22, 2018) (granting Citibank's motion for summary judgment where the *plaintiff investors could not affirmatively "prove* that [Citibank, as the indenture trustee] could have taken action to avoid the harms that ultimately befell them" because "the entities against whom Citibank might have pursued claims had declared bankruptcy" before Citibank learned of the alleged breaches at issue.  Thus, "*Plaintiffs fail[ed] to present* any non-speculative reason to believe that Citibank could have and should have taken any different actions than it did, let alone that such actions would have prevented any harms to Plaintiffs.") (emphasis added); *see also id*. at *5 (noting dismissal of claims as to "failed warrantor trusts" in another RMBS action).[6] Thus, the July 9 Order's proportionality analysis is proper and applies with equal force to sampling to prove liability *or* damages.

## V.     CONCLUSION

For the foregoing reasons, U.S. Bank respectfully requests that this Court reject RPI's objections to the July 9 Order.

Dated:  August 6, 2018                              MORGAN, LEWIS & BOCKIUS LLP

By:____/s/ Tera M. Heintz_____

Attorneys for Defendant
U.S. Bank National Association, as Trustee

---

[6] *See Blackrock Balanced Capital Portfolio (FI) v. Deutsche Bank Nat'l Trust Co.*, 14 Civ. 9367 (JMP)(SN), Dkt. 203 (minute order granting in part and denying in part motion to dismiss "for reasons to be explained at the conference scheduled for February 2, 2017"); *id.*, Dkt. 215 (Feb. 2, 2017 Hrg. Tr.) at 9:15-10:01, 15:01-15) (dismissing plaintiff's claims as to "failed warrantor trusts" where plaintiffs failed to allege more than a "theoretical possibility" of how they "could recover" where individual warrantors for the loans at issue were insolvent at the time of alleged breach).