```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROYAL PARK INVESTMENTS SA/NV,                :    14 Civ. 2590 (VM) (RWL)
individually and on behalf of all others similarly :
situated,                                    :    ORDER DENYING STAY
                                             :
              Plaintiff,                     :
                                             :
         - against -                         :
                                             :
U.S. BANK NATIONAL ASSOCIATION, as           :
Trustee,                                     :
                                             :
              Defendant.                     :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/13/2018

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff Royal Park Investments SA/NV ("Royal Park") requests a stay of further proceedings in this residential mortgage-backed securities ("RMBS") case. For the reasons set forth below, the request is DENIED.

## Background

This case has been the subject of several prior decisions. Familiarity with the facts from those decisions is presumed. For present purposes, the following background is relevant.

Royal Park brought this action on behalf of itself and a putative class of investors in the RMBS held by 21 separate trusts. Defendant U.S. Bank National Association ("U.S. Bank") is the trustee of those trusts. Royal Park claims that U.S. Bank breached its contractual and fiduciary obligations by failing to enforce its rights to require the RMBS issuers to repurchase defective loans underlying the securities. The securities are backed by more than 86,000 residential mortgages.

1

Royal Park bases its request for a stay on two pending decisions, one involving class action status, and the other discovery. On July 10, 2018, the Honorable Victor Marrero, United States District Judge, issued an order denying class certification (the "Class Decision"). Shortly thereafter, Royal Park petitioned the Second Circuit pursuant to Federal Rule of Civil Procedure 23(f), which provides that the Court of Appeals may consider a Rule 23 decision on an interlocutory appeal. On July 9, 2018, following extensive briefing and argument, this Court granted a protective order against the parties engaging in expert sampling discovery (the "Protective Order"). On July 23, 2018, Royal Park filed objections to the Protective Order with Judge Marrero.

Royal Park contends that a stay is justified at this juncture because potential reversal of both the Class Decision and the Protective Order would materially alter Royal Park's litigation strategy as well as what loans would need to be reunderwritten during expert discovery.

Legal Standard

The parties disagree about which standard applies to Royal Park's request. Royal Park argues that it is the "good cause" standard for staying discovery pursuant to Federal Rule of Civil Procedure 26(c)(1). U.S. Bank contends that, instead, the appropriate test is the four-factor test typically applied to determine whether stays should be issued pending appeal of a decision. *See, e.g.*, *In re Petrobas Securities*, 193 F. Supp. 3d 313, 315-16 (S.D.N.Y. 2016) (applying four-factor test in context of Rule 23(f) petition). The four factors are (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested

2

in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009). The Court need not determine which standard applies, however, because under either standard a stay is not warranted.

Discussion

To begin, one of Royal Park's two pillars supporting their request has fallen away, or at least weakened substantially. On May 22, 2018, the Second Circuit issued a mandate denying a nearly identical Rule 23(f) petition filed by Royal Park in its RMBS case against trustee HSBC Bank USA N/A. *See* Mandate, *Royal Park Investments SA/NV v. HSBC Bank USA National Association*, No. 14 Civ. 8175 (S.D.N.Y. May 22, 2018), ECF No. 477 ("HSBC"). And on August 7, 2018, the Second Circuit denied Royal Park's Rule 23(f) petitions in two additional cases against trustees that are very similar to this one. *See* Mandate, *Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, No. 14 Civ. 9764 (S.D.N.Y. Aug. 7, 2018), ECF No. 479 ("Wells Fargo"); *Royal Park Investments SA/NA v. Deutsche Bank National Trust Company*, No. 14 Civ. 4394 (S.D.N.Y. Aug. 7, 2018), ECF No. 634. In other words, at this point in time, the Second Circuit has thrice denied Rule 23(f) petitions in Royal Park investor cases against RMBS trustees. Although Royal Park's Rule 23(f) petition in the present case is pending, there is no reason to expect any different outcome. In short, the pendency of Royal Park's Rule 23(f) petition provides no meaningful support for a stay.

Nor does the pendency of Royal Parks' objections to the Protective Order warrant a stay. Most notably, Royal Park's likelihood of success of prevailing on its objections are slim to none. As set forth in the Protective Order, every court in this district to have considered the issue to date – four district judges and two magistrate judges – have

determined that expert sampling discovery is not warranted in investor actions against trustees. Each decision has endorsed the reasoning of the other decisions. Again, there is no basis to believe that Royal Park's objections in this case will have a different outcome.

As to irreparable injury or prejudice to Royal Park in the absence of a stay, Royal Park is correct that a reversal of the Protective Order would result in Royal Park's reunderwriting a specific set of representative loans and that proceeding down a path of reunderwriting a different set of loans based on a theory not using sampling poses the potential for a greater expenditure of resources by Royal Park. But even in the unlikely event that the Protective Order were reversed, Royal Park would not need to start over. Rather, it will be conducting further underwriting to further strengthen its case. There is no reason that the previous reunderwriting of 3,736 loans for which Royal Park claims U.S. Bank had actual notice need be abandoned. Royal Park thus does not face substantial prejudice, and it certainly does not face irreparable harm from expenditure of additional funds.

On the flip side, if a stay is granted, the Court agrees with Royal Park that U.S. Bank would neither be prejudiced nor confronted with the prospect of irreparable harm. The stay would be temporary and would simply put expert discovery and further proceedings on hold. As Royal Park aptly points out, there is little to no concern for fading memories and loss of evidence, because all fact discovery has been completed.

Lastly, the public interest does not weigh either in favor of or against a stay. The public has an interest in both having litigation completed in a timely fashion, which cuts against a stay, as well as avoiding extra cost, which cuts in favor of a stay.

4

Royal Park stresses that the courts in both HSBC and Wells Fargo issued stays pending appeal. But in both cases, unlike here, the parties agreed to a stay, and, in both cases, the stay issued while the Rule 23(f) petition was pending.[1] As noted earlier, Royal Park's Rule 23(f) petitions are no longer pending in those cases as the Second Circuit has denied them.

Considering all relevant factors, and taking into account the uniform case law in this district with respect to expert sampling discovery in investor RMBS cases against trustees, the Court does not find a stay to be warranted. Royal Park has not demonstrated good cause for a stay under either Federal Rule of Civil Procedure 26(c)(1) or the four-factor test applicable to stays pending objection or appeal.

## Conclusion

For the foregoing reasons, Royal Park's request for a stay (Dkt. 396) is DENIED.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:    August 13, 2018
          New York, New York

Copies transmitted to all counsel of record.

---

[1] *See Wells Fargo*, No. 14 Civ. 9764 (S.D.N.Y. June 6, 2018), ECF No. 478; *HSBC*, No. 14 Civ. 8175 (S.D.N.Y. March 1, 2018), ECF No. 459 (HSBC agreed to a stay provided that it applied to all coordinated actions).

5