UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROYAL PARK INVESTMENTS SA/NV, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, as Trustee,<br><br>      Defendant. | Civil Action No. 1:14-cv-02590-VM-RWL<br><br><u>CLASS ACTION</u><br><br>ROYAL PARK INVESTMENTS SA/NV'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF RULE 72 OBJECTIONS TO AND MOTION TO SET ASIDE MAGISTRATE JUDGE'S JULY 9, 2018 ORDER GRANTING PROTECTIVE ORDER |

1461007_1

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT..........................................................................................................................2

    A. The July 9 Order Effectively Disposes of Royal Park's Primary Theory of the Case...................................................................................................................2

    B. The July 9 Order Adjudicates the Existence, Meaning, and Enforceability of "Sole Remedy" Clauses.......................................................................................3

    C. The July 9 Order Misreads *Policemen's Annuity* .......................................................5

    D. Following an Event of Default, the Trustee Is Liable for All Breaching Loans in a Trust; Therefore, the July 9 Order Erred in Prohibiting Sampling Following an Event of Default ................................................................7

    E. Royal Park Can Prove the "Fact" of Damages Without Loan-Specific Proof........................................................................................................................8

III. CONCLUSION.....................................................................................................................10

1461007_1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Deutsche Bank Nat'l Trust Co. v. Morgan Stanley Mortg. Capital Holdings LLC*,
   289 F. Supp. 3d 484 (S.D.N.Y. 2018)..............................................................................4, 5, 10

*Fixed Income Shares: Series M v. Citibank, N.A.*,
   2018 WL 1449580 (S.D.N.Y. Mar. 22, 2018) ......................................................................8, 9

*In re Agent Orange Prod. Liab. Litig.*,
   517 F.3d 76 (2d Cir. 2008)...........................................................................................................3

*Long Island Lighting Co. v. Barbash*,
   779 F.2d 793 (2d Cir. 1985).........................................................................................................3

*Palmiotti v. Met. Life Ins. Co.*,
   2006 WL 510387 (S.D.N.Y. Mar. 1, 2006) ..............................................................................5

*Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of
   New York Mellon*,
   775 F.3d 154 (2d Cir. 2014)....................................................................................................5, 6

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
   Rule 72 ...................................................................................................................................1, 4

**I.      INTRODUCTION**

Royal Park Investments SA/NV's ("Royal Park") Objection[1] identifies numerous ways in which the July 9 Memorandum and Order ("July 9 Order," ECF No. 391) was clearly erroneous and contrary to law, including that the decision: (i) relies on numerous findings of fact and law, including the interpretation of key contractual provisions, that exceed the Magistrate Judge's referral; (ii) is based on a mistaken belief that courts have found that sampling evidence is not viable proof against trustees; (iii) assumes that sole remedy clauses within the Governing Documents necessarily limits U.S. Bank's liability to a "loan-by-loan" analysis; (iv) fails to distinguish between the use of sampling evidence to prove breaches of Representations and Warranties ("R&Ws") before the occurrence of an Event of Default ("EoD") and after, when U.S. Bank has a heightened duty of care to Certificateholders; and (v) misrepresents Royal Park's burden of proof as to damages.

Rather than confront the substance of Royal Park's objections, U.S. Bank National Association's ("U.S. Bank") Opposition[2] mischaracterizes the portions of the July 9 Order Royal Park objects to and advances conclusory arguments concerning the governing contracts while never citing or quoting them. U.S. Bank goes so far as to claim that Royal Park has waived arguments it has, in fact, consistently and affirmatively made throughout this litigation. And while insisting that no merits determinations were necessary for the July 9 Order's conclusion that sampling is irrelevant to any aspect of Royal Park's claims, U.S. Bank defends that very conclusion with merits arguments.

---

[1]     Royal Park Investments SA/NV's Memorandum of Points and Authorities in Support of Rule 72 Objections to and Motion to Set Aside Magistrate Judge's July 9, 2018 Order Granting Protective Order, ECF No. 394 ("Objection").

[2]     U.S. Bank National Association's Memorandum of Law in Opposition to Plaintiff's Rule 72 Objections to and Motion to Set Aside Magistrate Judge's July 9, 2018 Order, ECF No. 400 ("Opposition").

1461007_1

Although framed as a discovery order, the July 9 Order absolutely prevents Royal Park from presenting its theory of the case at summary judgment and trial. In effect, the July 9 Order summarily adjudicates one of the primary disputes in this case: whether U.S. Bank was required to "nose to the source" and investigate trust-wide problems following discovery of breaching loans. Thus, Royal Park respectfully requests that the Court (i) vacate the July 9 Order, and (ii) deny U.S. Bank's motion for protective order precluding sampling.

## II. ARGUMENT

### A. The July 9 Order Effectively Disposes of Royal Park's Primary Theory of the Case

U.S. Bank does not dispute that the July 9 Order effectively prevents Royal Park from pursuing any theory of damages for trust-wide breaches. *Compare* Objection at 10 *with* Opposition at 7-8. Nor does it dispute that practical realities make the July 9 Order's suggestion that sampling could still be conducted at a later date untenable; U.S. Bank knows, after all, that Royal Park will already have expended millions of dollars in time and resources reunderwriting tens of thousands of loans. Objection at 6-8.

Royal Park does not contend, as U.S. Bank wrongly suggests, that a magistrate judge may not conduct a proportionality analysis. *Compare* Opposition at 7-8 *with* Objection at 9. Rather, Royal Park objects to the July 9 Order on the grounds that whether sampling can be used to prove Royal Park's claims is not a "discovery" issue at all. *See id.* In rejecting sampling, the July 9 Order made numerous merits determinations that have not yet been decided by this Court, including whether U.S. Bank is liable for trust-wide breaches following, for example, an EoD. Objection at 9-10, 13. The July 9 Order also ruled on the meaning of the Governing Agreements' provisions governing repurchase and trustee duties – a step he recognized would be inappropriate for a magistrate judge to undertake. *See* ECF No. 378 at 59:23-60:4 (Magistrate Judge Lehrburger noting

- 2 -

concern that the analysis required "exactly what Judge Netburn did, which in some respects in my mind is still making a determination that the contract, when it says loan by loan, means exactly that"); *see also* ECF No. 395-1, Ex. 1 at 32:17-33:22 (Magistrate Judge Peck noting that sampling issue "is sort of beyond discovery to the merits"). Worse, the July 9 Order made this determination without citing a single example of any provision from any Governing Agreement requiring loan-specific evidence (there is none).

Thus, contrary to U.S. Bank's mischaracterization, the error in the July 9 Order lies not in its proportionality analysis but in its ruling on ultimate merits issues. The sampling issue here is simply not a discovery dispute, it is a merits dispute – it governs whether Royal Park can pursue its theory of the case (*e.g.*, whether U.S. Bank is liable for trust-wide breaches following discovery of widespread breaches or Events of Default).[3] "A district court abuses its discretion . . . 'when the discovery is so limited as to affect a party's substantial rights.' A party must be afforded a meaningful opportunity to establish the facts necessary to support his claim." *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (quoting *Long Island Lighting Co. v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985)).

### B. The July 9 Order Adjudicates the Existence, Meaning, and Enforceability of "Sole Remedy" Clauses

The July 9 Order finds erroneously that "sole remedy" clauses bar the use of sampling to prove a trustee's liability. Objection at 13-14. But such clauses are voidable and U.S. Bank was not strictly limited to them in carrying out its obligations in enforcing repurchases against responsible parties. *Id.* Rather than address the issue, U.S. Bank contends that Royal Park has waived this

---

[3]  For this reason, U.S. Bank's claim that a finding of error in the July 9 Order would mean that "no magistrate judges could make relevancy or proportionality determinations because doing so would require them to make purportedly impermissible findings of law and fact 'on ultimate issues'" is inapposite. *See* Opposition at 8.

- 3 -

argument.  *See* Opposition at 10.  Nonsense.  Royal Park has made this argument in **each** of its submissions opposing U.S. Bank's motion for protective order dating back to May 2017.  *See* ECF No. 220 at 7 (arguing that "U.S. Bank's contention that the sole remedy provisions of the Governing Agreements require loan-specific proof, and so make sampling irrelevant to RPI's R&W-based claims, is meritless"); ECF No. 374 at 3 (explaining how Judge Forrest in *Deutsche Bank Nat'l Trust Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 289 F. Supp. 3d 484 (S.D.N.Y. 2018) ("*Morgan Stanley*") specifically rejected Morgan Stanley's argument that the presence of "sole remedy" provisions of the contracts at issue mandated loan-by-loan proof of breaches in each trust).[4]

U.S. Bank argues that the sole remedy clauses required it to provide warrantors with loan-by-loan proof in order to enforce loan repurchase claims.  *See* ECF No. 217 at 4-5.  The July 9 Order effectively endorses that argument and foreclosed Royal Park's contrary argument.  But a trustee does **not** require loan-by-loan proof in order to enforce repurchase claims against warrantors – because sole remedy clauses need not be enforced where impracticable or inequitable to do so.  *See Morgan Stanley*, 289 F. Supp. 3d at 501, 503.  Had U.S. Bank pursued litigation to enforce repurchases, as Royal Park's contends it should have done, it could (and should) have demanded that all breaching loans in a trust be repurchased or replaced, as *Morgan Stanley* makes clear is permitted.  U.S. Bank simply was not limited to loan-by-loan proof of claims in order to fulfil its obligations.  And, Royal Park argues, since U.S. Bank did not require loan-by-loan proof to enforce its obligations, it would be inequitable to require Royal Park to do so here.

U.S. Bank's second basis for distinguishing *Morgan Stanley* – that it involves a different contract than those at issue here – is a red herring.  U.S. Bank does not suggest that the sole remedy

---

[4]  The numerous cases U.S. Bank cites for the unremarkable principle that new arguments should not be considered on a Rule 72 objection are thus irrelevant.  *See* Opposition at 10.

- 4 -

clause in *Morgan Stanley* differs materially from those in the Governing Agreements here. Opposition at 11. Indeed, the sole remedy clauses are largely identical across RMBS trusts. And U.S. Bank's reliance on the Trustee Sampling Orders, which also involve different contracts for different trusts, undercuts any complaint that the contract in *Morgan Stanley* is dissimilar to the contracts governing this action.

### C. The July 9 Order Misreads *Policemen's Annuity*

The July 9 Order misreads and misapplies dicta from *Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of New York Mellon*, 775 F.3d 154 (2d Cir. 2014) ("*Policemen's Annuity*"). *Policemen's Annuity* does ***not*** hold that sampling cannot be used to prove claims against an RMBS trustee. Objection at 12. To the extent that the July 9 Order assumes otherwise, it is contrary to law. *See* July 9 Order at 5; *see also Palmiotti v. Met. Life Ins. Co.*, 2006 WL 510387, at *4 (S.D.N.Y. Mar. 1, 2006) (magistrate judge's decision based on perceived requirement that information be disclosed was contrary to law where the regulation at issue did ***not*** actually require disclosure).[5] U.S. Bank's suggestion that the July 9 Order did not err because other courts have also, erroneously, relied on that same misapplication of *Policemen's Annuity* is circular. Opposition at 9. The Trustee Sampling Decisions' continued reliance on a purported "loan-by-loan" requirement – plucked out-of-context from a portion of the decision that did ***not*** address what evidence is required to prove a trustee's liability – is unsurprising since the decisions all cite to one

---

[5] U.S. Bank cherry-picks Royal Park's statement that "***no*** Second Circuit authority holds that sampling is not viable proof against trustees," as evidence that the July 9 Order could not be contrary to law. Opposition at 8. This deliberate misconstrual of Royal Park's point is meritless. Magistrate Judge Lehrburger's finding that "conduct[ing] sampling discovery with even as few as 2,800 loans, is not proportionate to the needs of the case" was based on the misapprehension that "every court to address the issue has concluded sampling is not viable proof against trustees." July 9 Order at 9-10. Regardless of whether that misunderstanding as to the state of the case law on this issue is categorized as "contrary to law" or "clear error," it is grounds for the resultant finding to be set aside.

- 5 -

another's flawed reasoning.  In reality, the "loan-by-loan" language that U.S. Bank now frames as an "established requirement" is actually dicta from a decision that addressed ***class standing***, not liability issues.  In fact, the Second Circuit explicitly left open the possibility that sampling could be used as proof in cases against trustees.  *See Policemen's Annuity*, 775 F.3d at 162 n.6 (explicitly not addressing "[w]hether or not that method of proof [*i.e.*, sampling] could appropriately be used to establish that [the trustee] breached its duties to certificateholders").

Royal Park also objects to the July 9 Order's assumption that "'there is no reason to believe that the Second Circuit would depart from its "loan-by-loan" incantation with respect to use of sampling to prove liability or damages specifically against a trustee.'"  Objection at 11-12 (quoting July 9 Order at 5).  U.S. Bank argues that the basis for the July 9 Order's assumption is contained in a paragraph addressing purported differences between cases against sponsors and those against trustees.  Opposition at 9.  But *Policemen's Annuity* says nothing about these purported differences and, thus, they do not support the July 9 Order's assumption that the Second Circuit would bar sampling in a case against a trustee.  Further, the analysis contained in the paragraph of the July 9 Order cited by U.S. Bank is inconsistent with the July 9 Order's ultimate holding – although the July 9 Order states that the significance of "[t]he distinction between actions against 'the issuer of RMBS securities' versus RMBS trustees . . . [is that] contractual language governing the trustees is couched in terms of loan-by-loan evaluation and remedy" (Opposition at 9), the court also specifically disclaimed interpretation of any contractual provisions and ***does not cite*** any contractual language from the Governing Agreements in the July 9 Order.  *See* July 9 Order at 5-6.

### D. Following an Event of Default, the Trustee Is Liable for All Breaching Loans in a Trust; Therefore, the July 9 Order Erred in Prohibiting Sampling Following an Event of Default

The July 9 Order does not address, let alone expressly reject, Royal Park's argument that sampling should be permitted to establish the breach rate U.S. Bank would have identified had it acted as a prudent person following an EoD. Unsurprisingly, despite claiming that the July 9 Order did reject Royal Park's position outright, U.S. Bank cannot point to a single sentence in the July 9 Order in which the court actually did so. Opposition at 13.

U.S. Bank's silence concerning the relevance of sampling evidence to prove the material defect rates in trusts that experienced an EoD speaks volumes. U.S. Bank does not, for example, assert that it would ***not*** have sampled in circumstances where it acted as a prudent person. *Id.* Nor can it, having advocated successfully to use sampling in exactly those circumstances. *See, e.g.*, *Home Equity Mortg. Trust Series 2006-1 v. DLJ Mortg. Capital, Inc.*, Index No. 156016/2012 (N.Y. Sup. Ct. Nov. 18, 2013). U.S. Bank also does not contend that any language in the Governing Documents requires loan-specific proof after an EoD, as it has argued with regard to ordinary repurchase transactions.[6]

Instead, U.S. Bank argues that the Court should not consider the propriety of sampling following an EoD because Royal Park has affirmatively waived the argument that U.S. Bank would have sampled once it had knowledge of an EoD. Opposition at 13. This contention not only demonstrates that determining whether sampling is relevant cannot be done without first resolving merits issues only appropriate for a motion *in limine* or summary judgment, it is baseless. The language U.S. Bank mischaracterizes as a "binding judicial admission" is a cherry-picked portion of

---

[6] As Exhibit 7 to ECF No. 220 and ECF No. 395-2 show, there is no such language in the Governing Agreement provisions governing U.S. Bank's obligations after an Event of Default.

Royal Park's interrogatory response highlighting the speculative and improper nature of the interrogatory itself, which sought information to support U.S. Bank's defenses, not information relevant to Royal Park's theory of the case.  *Compare* Opposition at 13 *with* ECF No. 401, Ex. A at 28-30.  In any event, Royal Park ***expressly advanced*** the argument U.S. Bank claims it waived in those very interrogatory responses: "'"[U]pon receipt of such notice, it [became] incumbent upon the [Trustee] to pick up the scent and nose to the source'". . . .  This includes conducting investigations to determine the extent to which loans in the Covered Trusts suffered breaches."  ECF No. 401, Ex. A at 30-31.  Far from waiving this argument, Royal Park has affirmatively and consistently asserted it throughout this litigation.  *See* ECF No. 378 at 36:7-21.  That U.S. Bank ***never*** raised Royal Park's alleged "affirmative waiver" in any other briefing or proceeding prior to the July 9 Order shows how disingenuous its suggestion truly is, and the Court must disregard it as a new argument.  *See, e.g.*, *id.* at 23:23-24:18.

### E.  Royal Park Can Prove the "Fact" of Damages Without Loan-Specific Proof

U.S. Bank argues that the July 9 Order was correct in finding that Royal Park must establish whether a warrantor was solvent in order to prove damages based on the assertion – unsupported by any citation to the Governing Documents at issue – that damages must be proved loan-by-loan.  Opposition at 15.  According to U.S. Bank, even proving the "***fact*** of damages" can only be done on a loan-by-loan basis.  *Id.*  But U.S. Bank's sole support for that statement is Judge Furman's decision in *Fixed Income Shares: Series M v. Citibank, N.A.*, 2018 WL 1449580 (S.D.N.Y. Mar. 22, 2018), a case which involved allegations very different from those at issue here.

*Citibank* concerned a single RMBS trust for which Citibank served as trustee and two divisions of American Home Mortgage Holdings, Inc. served as the Seller and Master Servicer.  2018 WL 1449580, at *1.  When American Home declared bankruptcy in 2007, Citibank took steps

- 8 -

to preserve the trust's claims against both entities, filing placeholder claims with the bankruptcy court and informing certificateholders of its actions and stating that it would not take any further action absent certificateholder instruction. *Id*. at *2. No certificateholder responded with further instruction, and the bankruptcy court put a stay on further claims being brought against the American Home entities outside of the bankruptcy proceedings. *Id.* at *2, *7. The *Citibank* court found that, in light of the actions that Citibank took to protect the trusts' interests, including obtaining a settlement of claims for the trusts that the bankruptcy court had approved, the plaintiffs had no basis for their claims other than speculation that if the trustee had taken further unspecified action with regard to the bankruptcy claims, the trusts would have recovered more from American Home. *Id.* at *7.

Judge Furman's reasoning in *Citibank* is inapplicable here, where Royal Park alleges not that particular settlements U.S. Bank obtained for repurchase claims were insufficient,[7] but that it intentionally avoided taking ***any*** action to protect trust assets. *See, e.g.*, ECF No. 2, ¶¶306-311; ECF No. 220 at 7-8. U.S. Bank did not inform Certificateholders of warrantor bankruptcies, did not request instruction from Certificateholders, and in all but a few instances, did not file any claims to enforce the Trusts' rights. Rather, U.S. Bank adopted a policy – not based on any particular language in the Governing Agreements – that erected hurdles for Certificateholders and made it nearly impossible to demand that U.S. Bank act on its repurchase enforcement obligations. *See, e.g.*, ECF No. 401, Ex. A at 31-32.

---

[7]     Royal Park does allege that U.S. Bank's settlement with Lehman Brothers on behalf of the Trusts was inadequate, but only because the bankruptcy court found that U.S. Bank had ***abandoned*** the majority of the claims wholesale, and so invalidated the claims all together. Royal Park does not make any allegations as to the settlement amount for the claims that U.S. Bank actually pursued. *See* ECF No. 242, ¶¶8-15.

The July 9 Order's suggestion that Royal Park must establish elements going to U.S. Bank's defenses improperly rewards the trustee for instituting a de facto policy of not taking ***any*** action with regard to enforcing breaching loans and declaring EoDs unless forced to do so, a conclusion that is contrary to law because it would permit U.S. Bank to benefit from the uncertainty of "loan-by-loan" damages that was caused by U.S. Bank's own inaction. This is precisely why New York law holds that any uncertainty as to the fact of damages be borne by the wrongdoer, and why the July 9 Order's finding is erroneous. *See Morgan Stanley*, 289 F. Supp. 3d at 501 (noting that "a party need not completely (or effectively) exculpate itself from liability to 'insulate' itself from damages in a way that contravenes public policy").

### III. CONCLUSION

Royal Park respectfully requests that the July 9 Order be set aside and U.S. Bank's motion for protective order precluding sampling be denied.

DATED: August 13, 2018

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ARTHUR C. LEAHY
STEVEN W. PEPICH
LUCAS F. OLTS
DARRYL J. ALVARADO
HILLARY B. STAKEM

s/ DARRYL J. ALVARADO
DARRYL J. ALVARADO

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
artl@rgrdlaw.com
stevep@rgrdlaw.com
lolts@rgrdlaw.com
dalvarado@rgrdlaw.com
hstakem@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on August 13, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

<u>      s/ DARRYL J. ALVARADO       </u>
DARRYL J. ALVARADO

ROBBINS GELLER RUDMAN
       & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dalvarado@rgrdlaw.com

1461007_1

# Mailing Information for a Case 1:14-cv-02590-VM-RWL Royal Park Investments SA/NV v. U.S. Bank National Association

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,nhorstman@rgrdlaw.com,lmix@rgrdlaw.com

- **Thomas F. Berndt**
  tberndt@robinskaplan.com,jgerboth@robinskaplan.com

- **Rachael Catherine Chan**
  rachael.chan@morganlewis.com

- **Rollin Bernard Chippey**
  rchippey@morganlewis.com,robert.thompson@morganlewis.com

- **Michael Collyard**
  mcollyard@robinskaplan.com,rhoule@robinskaplan.com

- **Joseph Edward Floren**
  joseph.floren@morganlewis.com

- **Sherli Furst**
  SFurst@RobinsKaplan.com

- **Tera Marie Heintz**
  theintz@morganlewis.com,dlang@morganlewis.com,ewoodward@morganlewis.com

- **Morgia Dampf Holmes**
  mholmes@robinskaplan.com

- **Peter Cooper Ihrig**
  pihrig@robinskaplan.com

- **Joseph Marco Janoski Gray**
  mjanoski@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michael Stephan Kraut**
  mkraut@morganlewis.com,rschaffer-goldman@morganlewis.com,anna.goldenhersh@morganlewis.com,nymanagingclerk@morganlewis.com

- **Arthur C. Leahy**
  artl@rgrdlaw.com,jillk@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Martin Richard Lueck**
  mlueck@robinskaplan.com,jaangell@robinskaplan.com

- **David E. Marder**
  DMarder@RobinsKaplan.com,KRichardson@RobinsKaplan.com,LDimillio@RobinsKaplan.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Kevin M Papay**
  kevin.papay@morganlewis.com

- **Hillel Ira Parness**
  hip@hiplaw.com,hillel.parness@gmail.com

- **Steven W. Pepich**
  stevep@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com

- **Stacey Paige Slaughter**
  sslaughter@robinskaplan.com,ahurt@robinskaplan.com,mpacelli@robinskaplan.com

- **Benjamin Patrick Smith**
  bpsmith@morganlewis.com,dlang@morganlewis.com,rbohnet@morganlewis.com,ewoodward@morganlewis.com

- **Hillary B. Stakem**
  hstakem@rgrdlaw.com,ldeem@rgrdlaw.com

- **Chelsea Walcker**
  cwalcker@robinskaplan.com,mschroeder@robinskaplan.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,e_file_sd@rgrdlaw.com,HDeshmukh@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`